## TRULL *against* GRANGER and DILLAYE.

A contract dated at a future day, leasing lands for a term commencing at such day, gives to the lessee, when the day arrives, the right of possession and to maintain ejectment against a stranger wrongfully withholding.

A lessee under such a contract is not driven to an action of ejectment against his lessor. He may maintain his action for his damages upon the implied agreement of the latter to yield him the possession, or in tort for the violation of the duty arising from the relation of landlord and tenant.

The measure of damages, whether the action be on contract or in tort, is the same: the difference between the rent reserved and the value of the premises for the term.

On the sixth day of September, 1849, the plaintiff entered into an agreement with the defendants to take a store which they were building, for five years from the first day of May, 1850, at the yearly rent of five hundred dollars, payable quarterly in advance. The agreement was reduced to writing, the plaintiff giving the defendants an instrument, binding himself to pay the rents and observe certain conditions, and receiving from them one of which the following is a copy:

" This is to certify that we have this first day of May, 1850, let and leased to Ezra Trull, store No. 1, in the first

story of our building, on block No. 102, Syracuse, for the term of five years, with the sole and uninterrupted use thereof, at the yearly rent of five hundred dollars, payable quarterly in advance, subject to the conditions of a lease bearing equal date herewith, made by said Ezra Trull. The cellars under the said store are to go with the store, and said store is to be lathed, plastered and painted, and the shelves put up on the east side, with counters on said east side only.

STEVEN D. DILLAYE.<br>A. P. GRANGER.

Syracuse, Sept. 6, 1849."

In February or March, 1850, the defendants leased the premises to another person for five years, and he went into possession. On the first of May the plaintiff called on the defendants, tendered them the rent of one quarter in advance, and required the possession of the store. They refused to receive the rent, and to give him possession. He thereupon brought his action to recover his damages. The action was tried at the Onondaga circuit in October, 1850, before Mr. Justice GRIDLEY. Upon the trial the facts above stated were proved, and it was also shown that the yearly value of the premises above the rent agreed to be paid, would be one hundred dollars for each of the five years of the term, and that the present value of the difference, making the proper deductions for interest, was $415·99. No testimony was given on the part of the defendants. The defendants' counsel moved that the plaintiff be non-suited, on the ground that the action should have been to recover the possession of the premises, if for anything; the plaintiff, if his lease is valid, being entitled to the possession as against the defendants, or any intruder into the possession.

The motion was overruled and the justice charged the jury, that the difference between the rent reserved in the lease, and the yearly value of the premises as proved by

Trull *against* Granger.

the plaintiff, after making such proper rebatement as would give the present value of such difference for the period specified in the lease, was the amount of damages for which the plaintiff was entitled to their verdict, and that such sum, from the proof in the case, appeared to be $415·99. Exceptions were taken to the denial of the nonsuit and the charge. The jury found a verdict for the plaintiff for $415·99, upon which a judgment was rendered, which was affirmed at the general term held in the fifth district, in May, 1851. The defendants appealed.

*S. Beardsley*, for appellants. I. There was a demise of the premises on the sixth day of September 1849, for five years from the first of May 1850, and although until the latter day the lessee had no estate for the term but an executory interest in it, yet on that day the estate actually vested in him, and that without entry; so that he might have brought ejectment to obtain the possession. (3 *Hill*, 330, *Gardiner* v. *Keteltas*; 1 *id.* 484, *Allaire* v. *Whitney*; 1 *Com.* 305, *S. C.*) The instruments executed are equivalent to a lease under seal with covenant of title and for quiet enjoyment, and nothing more. There is no pretence that the covenant for the title was broken; and that for quiet enjoyment can only be violated for an eviction or other actual interference with or disturbance of the lessee's possession by one having paramount rights. There must be an actual disturbance of the possession. A mere refusal by the lessor to permit the lessee to enter is not a breach of the covenant.

II. If there was a breach of the agreement which was equivalent to a covenant for quiet enjoyment the plaintiff was entitled only to nominal damages. (*Sedg. on Damages* 168, 169; 14 *Wend.* 38, *Kinney* v. *Watts*; 2 *Hill*, 105, *Kelly* v. *Dutch Church.*)

*B. D. Noxon*, for respondent.

GARDINER, J. The contract in question was executed by

the defendants on the sixth day of September 1849, the term to commence on the first of May, 1850. The right of the plaintiff to the possession of the premises, was complete on the day fixed by the agreement for the commencement of the term. Such a right *in presenti* is all that is necessary to maintain ejectment, as an entry is not necessary. (*Taylor, Landlord & Tenant*, 332; 2 *R. S.* 304, § 6; *id.* 306, § 25.) The section last cited provides, that it shall not be necessary for the plaintiff, in ejectment, to prove an actual entry under title, but it shall be sufficient for him to show a *right* to the possession of such premises at the commencement of the suit as purchaser or otherwise. In *Gardiner* v. *Keteltas*, 3 *Hill*, 332; it was held that ejectment could be maintained by a lessee before entry against a stranger in possession and wrongfully withholding it from the plaintiff; and for that reason, no action could be maintained against the lessor on his covenant, that the lessee should have the " sole and uninterrupted use and occupation of the demised premises, from the day specified in the lease." But a plaintiff is not driven to action of ejectment against the lessor who withholds possession. He may bring his action on the implied agreement of the landlord to give up the possession, or in case the demise is under seal, an action on the case for the same injury.

In *Coe* v. *Clay*, 5 *Bingham*, 440, it was held that as he who lets, agrees to give possession, and not merely the chance of a law suit, the lessee may recover damages, and is not driven to his ejectment.

Both of the cases cited assume that ejectment will lie before entry; in other respects, they can not be reconciled, except upon the distinction between an express and implied agreement. In the case from Hill, the contract was express, that the lessee "should have the sole and uninterrupted use and occupation of the premises." And it was held that the lessors were not liable for the wrongful holding over of the former tenant. In the case from Bingham, there was no express stipulation, but an undertaking im-

Trull *against* Granger.

plied from the letting; and it was held, that the former tenant having held over wrongfully, the lessor was liable. In both these cases it will be observed, that the injury arose from the tortious acts of third persons. In the present one, the lessors themselves denied the right, and refused to permit the plaintiff to occupy, in accordance with their own lease. In such cases it seems to me very obvious that the lessee should not be driven to his ejectment, but should be allowed to bring his action for the damages sustained. Under the code there can be no embarrassment, as to the form of action. And whether it is brought upon the agreement, express or implied, or in *tort* for the violation of the duty arising from the relation of landlord and tenant, established by the lease, is immaterial. In either case the damages should be the same, and in neither should the lessor be permitted wrongfully to withhold possession of the demised premises, and then insist that the lessee should turn him out by an ejectment, as the only remedy.

The rule of damages adopted in this case was correct if the action lies. The difference between the yearly value of the premises and the rent, was the true measure of damages.

The judgment should be affirmed.

All the judges except MORSE, J., who did not hear the argument, concurring,

Judgment affirmed.