Franklin P. Eastman, Appellant and Respondent, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent and Appellant.

1. New York City — Lease of Wharfage. A lease by the city of New York, which grants to the lessee the "wharfage which may arise, accrue or become due for the use and occupation, in the manner and at the rates prescribed by law," of public wharf property, consisting of a bulkhead at the foot of a street, "together with the right to enter * * * and to collect the said wharfage," is not a lease of the wharf or bulkhead itself, but is merely a lease of the incorporeal right to collect wharfage, incident to the use of the bulkhead by vessels engaged in commerce.

2. Public Wharf. Under such a lease, the wharf or bulkhead, as distinguished from the right of wharfage, remains in the possession of the city, as the trustee of the public right in and to the public streets, for the common use of the citizens, and remains a public wharf to which vessels may be assigned by the harbor authorities.

3. Failure of City to Put Lessee in Possession of Wharfage Right — Damages. The measure of damages for a failure of the city to put the lessee in possession of the granted right to collect wharfage is not.

the value of the use of the wharf for the purposes of the lessee's private business, but it is the difference between the rent reserved and the value of the use of the wharf at the rate of wharfage fixed by law.

4. Obstruction of Wharfage Right by City. When the city has kept its lessee out of the possession of the leased right of wharfage, by keeping a barge moored to the wharf against the lessor's protest and not in subordination to his right as lessee, it is not entitled to limit his recovery for a failure of delivery of possession to the amount of the legal wharfage for the barge.

*Eastman* v. *Mayor, etc., of New York,* 13 Misc. Rep. 774, affirmed.

(Argued March 18, 1897; decided April 20, 1897.)

Cross-appeals from a judgment of the General Term of the Superior Court of the city of New York, entered July 19, 1895, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover damages against the defendant for its failure to deliver to the plaintiff possession of a bulkhead and wharf rights on the East river, under a lease.

The facts, so far as material, are stated in the opinion.

*Thomas P. Wickes* for plaintiff. The plaintiff clearly proved a cause of action for breach of contract. (*Trull* v. *Granger,* 8 N. Y. 115; *Mack* v. *Patchin,* 42 N. Y. 167; *Dodds* v. *Hakes,* 114 N. Y. 260; *Friedland* v. *Myers,* 139 N. Y. 432; *Mayor, etc.,* v. *Mabie,* 13 N. Y. 151; *Bedlow* v. *N. Y. F. D. D. Co.,* 112 N. Y. 263; *Health Dept.* v. *Police Dept.,* 51 How. Pr. 481.) The measure of damages is the difference between the value of the premises and the reserved rent. (*Mack* v. *Patchin,* 42 N. Y. 167; *Dodds* v. *Hakes,* 114 N. Y. 260; *Friedland* v. *Myers,* 139 N. Y. 432; *Driggs* v. *Dwight,* 17 Wend. 71; *In re Furman St.,* 17 Wend. 649; *In re N. Y. C. & H. R. R. R. Co.,* 6 Hun, 149; *In re N. Y., L. & W. R. Co.,* 27 Hun, 116; 29 Hun, 1; *Boom Co.* v. *Patterson,* 98 U. S. 403; *Woolsey* v. *N. Y. El. R. R. Co.,* 134 N. Y. 323; *Langdon* v. *Mayor, etc.,* 93 N. Y. 129; *Kingsland* v. *Mayor, etc.,* 110 N. Y. 569.) Plaintiff's damages should be measured by the value of his interest for the

term instead of the value of the fee. (*Langdon* v. *Mayor, etc.*, 59 Hun, 434; 133 N. Y. 628.) The contention that the plaintiff had possession by the mere execution of the grant to him, and might have gone on and collected wharfage from the street-cleaning scows, is untenable. (L. 1882, ch. 410, §§ 706, 728; *Mayor, etc.*, v. *Mabie*, 13 N. Y. 151.) The court correctly ruled that the deposit paid by the plaintiff at the time of making his bid might be recovered back. (*Bush* v. *Cole*, 28 N. Y. 261; *Mack* v. *Patchin*, 42 N. Y. 167.)

*Francis M. Scott* for defendant. By the grant of the right to collect wharfage and cranage at the bulkhead in question the plaintiff became entitled to an incorporeal hereditament, the franchise; the conventional relation of landlord and tenant, in respect to the land of which the bulkhead was the outer boundary, was not established, nor did the plaintiff become entitled to the possession of such land, as tenant thereof, under the grant of the wharfage right. (*Boreel* v. *Mayor, etc.*, 2 Sandf. 552; 2 Black. Comm. 191; *Langdon* v. *Mayor, etc.*, 28 Hun, 162; L. 1882, ch. 410, §§ 772–807; *Taylor* v. *A. M. Ins. Co.*, 2 Bosw. 106; 37 N. Y. 276; *Williams* v. *Mayor, etc.*, 105 N. Y. 419; *Kingsland* v. *Mayor, etc.*, 110 N. Y. 569; *People ex rel.* v. *Cushman*, 1 Hun, 73.) The execution and delivery of the grant fulfilled the measure of duty of the grantor in respect to possession. (*Flandreau* v. *Elsworth*, 9 Misc. Rep. 340; 151 N. Y. 473; L. 1882, ch. 410, § 798.) If the action were well brought, and the plaintiff has proved a violation of the contract granting the wharfage right, then the measure of damages is the amount of the wharfage fees which have been received from the use of the wharf in excess of the sum agreed to be paid as rental for the franchise. (*Trull* v. *Granger*, 8 N. Y. 115; *Dodds* v. *Hakes*, 114 N. Y. 261; *Coleman* v. *King*, 19 Wkly. Dig. 551; *Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Hamilton* v. *McPherson*, 28 N. Y. 72; *Friedland* v. *Myers*, 139 N. Y. 436; *Myers* v. *Burns*, 35 N. Y. 269; *Giles* v. *O'Toole*, 4 Barb. 261.) Upon the failure of the plaintiff to pay the

rent which accrued subsequently to the first quarter, the right of the defendant, through the department of docks, to resume the franchise under the terms of the lease became complete at the expiration of ten days from the time when the rent became due. (*Wright* v. *Bank of the Metropolis*, 110 N. Y. 244; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 312.)

ANDREWS, Ch. J. The main question in this case is as to the rule of damages to be applied for the withholding by the lessor from the lessee of the possession of the bulkhead and wharf rights at the foot of East Seventieth street, East river, under the lease of April 28th, 1887. The lease was executed pursuant to a sale by the dock department, at public auction, for the term of three years from May 1st, 1887, of the wharf-age and cranage which should arise, accrue and become due during said term, for the use and occupation of the wharf property in question, together with the right to collect the same. The plaintiff became the purchaser at the sale, upon his bid of an annual rental of $760. The lease, which purports to be made between the mayor, aldermen and commonalty of the city of New York, by the board of docks, as the lessor, and the plaintiff as lessee, described the subject-matter of the lease as follows: " All and singular, the wharfage which may arise, accrue, or become due for the use and occupation in the manner and at the rates prescribed by law of all that certain public wharf property situated on the East river, in the city and county of New York, and known and described as follows, to wit: ' Bulkhead at foot of East Seventieth street, East river,' together with the right to enter upon the said wharf property, for the purposes of this lease, and to collect the said wharfage." The lessee was authorized to demand, receive and sue for "such wharfage as may, during the continuance of said term, arise, accrue or become due from the master, owner, factor or agent of any vessel which shall, during said term, come to, lie at or use the hereinbefore mentioned wharf property." The rent reserved was payable quarterly in advance, and the

plaintiff, on or before May 1st, 1887, paid the first quarter's rent, and, in addition (as required by the terms of sale), the sum of $25 for auctioneer's fees, making in the aggregate the sum of $215. The plaintiff was never put in possession of the wharfage right. When the lease was executed a barge of the street cleaning department was moored at the wharf, and so remained until after the next quarter day. The plaintiff protested and demanded to be put into possession of the wharf, but although promises were made he was unable to have the barge removed, and after repeated complaints abandoned the effort and never occupied the wharf. This action was brought after the expiration of the term for which the lease was given. The plaintiff sought on the trial to recover as damages the value of the use of the leased property for the purposes of his business as a contractor for the removal of cellar excavations from the city of New York to places on Long Island and elsewhere where filling in was required. The business made it necessary that the plaintiff should have a convenient wharf for dumping the earth into boats for transportation. The evidence tended to show that if the plaintiff could have controlled this wharf for the purposes of his business, it would have been worth to him from six to eight thousand dollars a year. The wharf was equipped with a dump, and the earth brought by the carts could be discharged into a boat beneath the dumping board, which extended over the water.

The trial judge held that the only damage recoverable was the loss of the statutory wharfage which might have been earned by the plaintiff. It was shown without contradiction that if the wharf had been occupied during the whole year by vessels paying wharfage, the wharfage would not have exceeded the rent reserved. The court directed a verdict for the plaintiff for the rent and auctioneer's fees paid by him, namely, for $215, with interest. Both parties excepted to the direction, the plaintiff on the ground that he was entitled to recover the difference between the rent reserved and the value of the use of the premises during the term for his busi-

ness, and the defendant on the ground that the complaint did
not cover a claim to recover back the payment made, and that
the only claim he was entitled to maintain was a claim for
wharfage against the city for the occupation of the wharf by
the barge of the street cleaning department.   It is of the first
importance in the decision of this case to ascertain the nature
and extent of the right which was vested in the plaintiff by
the lease in question.   It was not a lease of real estate.   The
bulkhead or wharf was not leased to the plaintiff.   That was
a part of the public street, and by means of it access was
obtained by the public to the East river.   It was Seventieth
street extended to the water.   The lease did not purport to
convey to the plaintiff any exclusive right to the wharf or to
the soil, but the wharf remained after as before the lease, in
the possession of the city as the trustee of the public right in
and to the public streets of the city, for the common use of the
citizens.   What the lease did grant was the right of wharfage
incident to the use of the bulkhead by vessels or boats engaged
in commerce.   The right to collect the wharfage is an incor-
poreal right incident to the use of a wharf, for the mooring,
loading and unloading of vessels.   (*Mayor, etc.,* v. *Mabie,* 13
N. Y. 151.)   This was the only right which the lease granted
to the plaintiff.   The language confines the grant to the
"wharfage which may arise, accrue or become due for the use
and occupation in the manner and at the rates prescribed by
law," together with the right to collect the same.   It defines
the purpose of the grant and the right intended to be given
in clear and explicit language.   No actionable breach by the
city of any express or implied covenant in the lease can exist
unless connected with an interference with the very right
granted, because only such a breach can be deemed to have
been within the contemplation of the parties to the contract;
and, where such a breach has occurred, the damages must, of
necessity, be limited to the value of the right as given by the
lease of which the lessee has been deprived.   (*Trull* v.
*Granger,* 8 N. Y. 115; *Boom Co.* v. *Patterson,* 98 U. S. 403.)
The lease in question granted a specific right, and the parties,

by their contract, measured the value of the right as between themselves by the amount of wharfage which it was possible to collect for the use of the wharf at the rate fixed by the statute. The value of the wharf to the plaintiff in his business may have been much greater than the ordinary wharfage fees. It is very probable that he took the lease with the expectation that he would practically control the wharf for the mooring and loading of his own boats without interference by other vessels. But he acquired no exclusive right by the lease. The wharf remained as before, a public wharf to which vessels might be assigned by the harbor authorities. The only legal damage he sustained, if any, by the failure of the defendant to put him in possession of the wharfage right, was the difference between the rent reserved and the value of the use of the wharf at the rate of wharfage fixed by law. The case of *Langdon* v. *Mayor, etc.* (133 N. Y. 628) determines no principle adverse to this view. The question there related to the damages to which the owner in fee of a wharf was entitled, whose wharf was destroyed by the construction of an exterior wharf by the city, thereby cutting off access to the plaintiff's property from the water. It was held that, in estimating the damages, the adaptation of the plaintiff's wharf to a preferential and valuable use to which under the statute it might be applied, was an element which might properly be considered in fixing the damages. In the present case the plaintiff was not the owner of the wharf, but the lessee for a time of the specific right to collect wharfage at the rate established by law, and it is not claimed that any circumstance existed which would have made the right more valuable during the term than it was at the commencement.

We think the plaintiff's appeal must fail for the reasons stated. We are also of the opinion that the appeal of the defendant must fail also. The possession of the right to collect wharfage was never accorded to the plaintiff. The defendant remained in possession of the wharf and continued to keep its barge moored thereto against the protest of the plaintiff. It never assumed to be in occupation under the plaintiff or in

subordination to his right as lessee.    The city cannot be heard to say that it was occupying the wharf under the public right subject to the payment of the wharfage.    That attitude is inconsistent with its repeated promises to remove the barge and put the plaintiff in possession under the lease    The plaintiff was properly awarded judgment for the rent paid in advance and the amount of the auctioneer's fees.

The judgment should be affirmed, but without costs to either party in this court.

All concur.

Judgment affirmed.