MICHAEL DELUISE, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Lease of a bootblack stand, to be located in a railroad station by the lessor — failure to remove the then occupant — damages for the breach of the contract, the money paid by the lessee on its execution and costs of the action to enforce it.*

A railroad company entered into a contract with an individual by which, in consideration of $300, $100 of which was paid at the time of the execution of the contract, it agreed to let to him the bootblacking privilege at one of its railroad stations for a period of one year from a certain date. The lease contained the provision " That the said bootblacking stand shall be placed on such premises of the party of the first part, and in such position and location as shall be determined by the General Superintendent of the party of the first part," thus indicating that it was the duty of the railroad company to place the lessee in possession of the privilege leased.

At the time fixed for the commencement of the term the prior lessee of the privilege refused to vacate, and retained possession until he was ejected by the railroad company some months thereafter. The new lessee refused to accept the premises and brought an action to recover damages for loss of business, etc.

Upon the trial, both parties having requested the direction of a verdict, the court directed a verdict for the plaintiff for the $100 paid by him at the time of the execution of the contract, together with costs.

*Held,* upon an appeal taken by the railroad company, that it was proper to charge the defendant with the payment of costs.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 29th day of April, 1901, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of May, 1901, denying the defendant's motion for a new trial made upon the minutes.

*William J. Kelly,* for the appellant.

*Willoughby B. Dobbs,* for the respondent.

WOODWARD, J.:

On the 24th day of March, 1899, the plaintiff entered into a written contract with the defendant, the latter, for a consideration of $300, one-third of which was paid in hand at the time of the execution of the writing, agreeing to let to the plaintiff the boot-

blacking privilege at its Flatbush avenue railroad station for a period of one year from the 8th day of May, 1899. The plaintiff, relying upon this contract, made purchases and employed men, and on the eighth day of May sent his equipment, with his men, to the Flatbush avenue station. The prior lessee of the privilege was still in possession of the premises, and upon the plaintiff asking the defendant's superintendent the meaning of his presence he was told that the old lessee would vacate the privilege that afternoon. Plaintiff wrote the defendant, and on May twelfth received a letter informing him that the previous lessee refused to vacate, and for a period of two weeks the plaintiff kept two men in his employ, who daily went to the defendant's station and were as often confronted with the presence of the former lessee. Some months subsequently the defendant ejected the prior lessee, but at that time the plaintiff refused to accept the premises, and he brings this action to recover damages for loss of business, etc. The defendant has never returned the $100 to the plaintiff, and upon the trial, both parties having requested the court to direct a verdict, the learned court directed a verdict for the plaintiff for $100, with costs. The defendant, while offering, in deference to the opinion of the court, to restore the $100 to the plaintiff, insists that it is unfair to demand the payment of the costs, and the appeal is based practically upon this idea.

We are of the opinion that under the authority of *Eastman* v. *Mayor* (152 N. Y. 468) the learned court has properly disposed of this case. In the case cited the city of New York, acting through its board of docks, leased to the plaintiff "all and singular, the wharfage which may arise, accrue, or become due for the use and occupation in the manner and at the rates prescribed by law of all that certain public wharf property situated on the East River, in the city and county of New York," etc. The rent reserved was to be paid quarterly in advance, and the plaintiff on or before May 1, 1897, paid the first quarter's rent, and, in addition, in accordance with the terms of the sale, the sum of twenty-five dollars for auctioneer's fees. The plaintiff was never put into possession of the wharfage rights. When the lease was executed a barge of the street cleaning department (in effect, a third party) was moored at the wharf, and remained there during the entire first quarter. The plaintiff protested and demanded to be put into possession of the

wharf, but, although promises were made, he was unable to have the barge removed, and after repeated demands abandoned the effort and never occupied the wharf. In that case, as in the case at bar, the plaintiff sought to recover damages for the loss of profits, but upon the trial he was given judgment for the amount of rent which he had paid in advance, together with the fees to the auctioneer, and this is practically what has been done in the case now before us.

The case at bar is not within the authority of *Gardner* v. *Keteltas* (3 Hill, 330), because the contract was not a lease of real estate; the station of the defendant was not leased to the plaintiff, nor was any particular portion of such station leased; the words of the contract are, " That the said bootblacking stand shall be placed on such premises of the party of the first part, and in such position and location as shall be determined by the General Superintendent of the party of the first part," thus indicating the duty of the defendant to place the plaintiff in possession of the privilege leased. (See *Eastman* v. *Mayor, supra,* 473.) The plaintiff could not maintain a proceeding to eject the former lessee, because he had no lease of any particular part or portion of the premises of the defendant, and did not even know that the party in possession was holding any right which belonged to him. The defendant's superintendent had not performed the active duty of designating any particular place, and until this was done, and until the plaintiff had been put into possession of the right for which he had contracted, he had no right to interfere with one in possession. The defendant evidently put this construction on the contract, for it made no suggestion, so far as the evidence discloses, that the plaintiff had any power to proceed in the matter, and it assumed the burden of subsequently removing the former lessee of the privilege.

The judgment and order appealed from should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.