## DELUISE v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

LEASE—BOOTBLACKING PRIVILEGE—FAILURE TO DELIVER POSSESSION—DAMAGES.
    Where plaintiff paid an installment of rent under a lease of the boot-blacking privilege at a railway station, not specifying that any particular portion of such station was leased, but that the bootblacking stand should be placed on such a part of the premises as should be designated by the general superintendent, and defendant failed to eject a former tenant or to designate any particular place as that which plaintiff had a right to occupy, plaintiff, though not entitled to recover damages for loss of profits, was entitled to recover the rent paid in advance and the costs of the action.

Appeal from trial term, Queens county.

Action by Michael Deluise against the Long Island Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Kelly, for appellant.
Willoughby B. Dobbs, for respondent.

WOODWARD, J. On the 24th day of March, 1899, the plaintiff entered into a written contract with the defendant, the latter, for a consideration of $300, one-third of which was paid in hand at the time of the execution of the writing, agreeing to let to the plaintiff the bootblacking privilege at its Flatbush avenue railroad station for a period of one year from the 8th day of May, 1899. The plaintiff, relying upon this contract, made purchases and employed men, and on the 8th day of May sent his equipment, with his men, to the Flatbush avenue station. The prior lessee of the privilege was still in possession of the premises, and, upon the plaintiff asking the defendant's superintendent the meaning of his presence, he was told that the old lessee would vacate the privilege that afternoon. Plaintiff wrote the defendant, and on May 12th received a letter informing him that the previous lessee refused to vacate, and for a period of two weeks the plaintiff kept two men in his employ, who daily went to the defendant's station, and were as often confronted with the presence of the former lessee. Some months subsequently the defendant ejected the prior lessee, but at that time the plaintiff refused to accept the premises, and he brings this action to recover damages for loss of business, etc. The defendant has never returned the $100 to the plaintiff, and upon the trial, both parties having requested the court to direct a verdict, the learned court directed a verdict for the plaintiff for $100, with costs. The defendant, while offering, in deference to the opinion of the court, to restore the $100 to the plaintiff, insists that it is unfair to demand the payment of the costs, and the appeal is based practically upon this idea.

We are of the opinion that under the authority of Eastman v. City of New York, 152 N. Y. 468, 46 N. E. 841, the learned court

has properly disposed of this case. In the case cited the city of New York, acting through its board of docks, leased to the plaintiff "all and singular, the wharfage which may arise, accrue, or become due for the use and occupation in the manner and at the rates prescribed by law of all that certain public-wharf property situated on the East river, in the city and county of New York," etc. The rent reserved was to be paid quarterly in advance, and the plaintiff, on or before May 1, 1897, paid the first quarter's rent, and, in addition, in accordance with the terms of the sale, the sum of $25 for auctioneer's fees. The plaintiff was never put into possession of the wharfage rights. When the lease was executed a barge of the street-cleaning department (in effect a third party) was moored at the wharf, and remained there during the entire first quarter. The plaintiff protested, and demanded to be put into possession of the wharf, but, although promises were made, he was unable to have the barge removed, and, after repeated demands, abandoned the effort, and never occupied the wharf. In that case, as in the case at bar, the plaintiff sought to recover damages for the loss of profits, but upon the trial he was given judgment for the amount of rent which he had paid in advance, together with the fees to the auctioneer, and this is practically what has been done in the case now before us. The case at bar is not within the authority of Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637, because the contract was not a lease of real estate. The station of the defendant was not leased to the plaintiff, nor was any particular portion of such station leased. The words of the contract are: "That the said bootblacking stand shall be placed on such premises of the party of the first part and in such position and location as shall be determined by the general superintendent of the party of the first part,"—thus indicating the duty of the defendant to place the plaintiff in possession of the privilege leased. See Eastman v. City of New York, 152 N. Y. 473, 46 N. E. 841. The plaintiff could not maintain a proceeding to eject the former lessee, because he had no lease of any particular part or portion of the premises of the defendant, and did not even know that the party in possession was holding any right which belonged to him. The defendant's superintendent had not performed the active duty of designating any particular place, and, until this was done, and until the plaintiff had been put into possession of the right for which he had contracted, he had no right to interfere with one in possession. The defendant evidently put this construction on the contract, for it made no suggestion, so far as the evidence discloses, that the plaintiff had any power to proceed in the matter, and it assumed the burden of subsequently removing the former lessee of the privilege.

The judgment and order appealed from should be affirmed, with costs. All concur.