HENRY BECHER, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Forcible entry and detainer — the forcible removal of one privileged to maintain a refreshment stand near a public building is not within the purview of the statute — revocation of such a privilege, how it should be made by the park department.*

The forcible removal by the employees of the park department of the city of New York of a refreshment stand which an individual was maintaining in Pelham Bay Park under a written agreement between him and the city of New York, whereby the city granted to him "the privilege of maintaining a stand at the bath houses near Firman Mansion for sale of refreshments (spirituous

liquors excepted) and renting bathing suits, for the term of three years, from the 25th day of November, 1903," does not constitute a forcible entry and detainer under section 2233 *et seq.* of the Code of Civil Procedure, for the reasons that it is essential to the maintenance of such a prosecution that the entry complained of shall be made into "real property," and that the agreement conferring the privilege to maintain the stand did not specify any special part of the land as set apart for the licensee's occupation.

*Quære,* whether the officials of the park department had power to revoke such a privilege during the term thereof, in the absence of evidence that the park department had officially determined through some regulation or ordinance that no stand for refreshments should be maintained near the Firman Mansion in Pelham Bay Park.

APPEAL by the defendant, The City of New York, from a final order of the Municipal Court of the city of New York, borough of The Bronx, in favor of the plaintiff, entered on the 30th day of November, 1904.

*Theodore Connoly* [*Richard H. Mitchell* and *Addison B. Scoville* with him on the brief], for the appellant.

*William T. Matthies,* for the respondent.

WILLARD BARTLETT, J. :

The plaintiff maintained a stand for the sale of refreshments in· Pelham Bay Park, under a written agreement between him and the city of New York, whereby the city granted to him " the privilege of maintaining a stand at the bath houses near Firman Mansion for sale of refreshments (spirituous liquors excepted) and renting bathing suits, for the term of three years, from the 25th day of November, 1903." On April 4, 1904, the commissioner of parks for the borough of The Bronx assumed to revoke the permit issued to the plaintiff, and notified him of the revocation. A similar notice of revocation was again served upon the plaintiff on June 4, 1904. The plaintiff, nevertheless, continued to maintain his stand in the park until June 16, 1904, when the stand was forcibly removed by the employees of the park department, under circumstances which would constitute a forcible entry if the statutory provisions relating to forcible entry and detainer are applicable to the case of a person exercising such a privilege as that conferred upon the plaintiff by his agreement with the city.

The provisions relating to forcible entry and detainer which were

formerly contained in the Revised Statutes (2 R. S. 507, § 1 *et seq.*) are now found in the Code of Civil Procedure, beginning with section 2233. (See *Waterbury* v. *Deckelmann*, 50 App. Div. 434.) The principal purpose of the enactment of the original statute on this subject was to restrain acts of violence on the part of those seeking to regain possession of land, even though they might rightfully be entitled to possession. (See *Wood* v. *Phillips*, 43 N. Y. 152, 157.) " The main object still is to preserve the public peace and prevent parties from asserting their rights by force or violence, though by gradual additions the remedy has become in effect a private as well as a public one. But the form of proceeding and the rules of law which govern it remain to a great degree unchanged." It is essential to the maintenance of a prosecution for forcible entry and detainer that the entry complained of shall be made " into real property." (Code Civ. Proc. § 2233.) I am of opinion that the interference by the agents of the city with the plaintiff's refreshment stand in Pelham Bay Park did not constitute an entry into real property within the meaning of the statute. No piece of land was specified in the agreement as set apart for his occupation. He was merely granted the privilege of maintaining a stand at the bath houses near Firman Mansion. There can be no doubt, I think, that under this agreement the city authorities could have indicated any spot in the vicinity of the Firman Mansion for the location of his stand, and could have changed that location from time to time, if they saw fit, so long as they allowed the stand to remain near the building named. In this respect the case differs from *Gushee* v. *City of New York* (42 App. Div. 37), where the plaintiff was granted the privilege of keeping a restaurant known as the Claremont in Riverside Park. There the duty of the plaintiff required him to take and keep possession of the buildings, and to pay $525 a month for the rights which he acquired in conducting a restaurant there, and it was held that the agreement with the city was practically a lease, inasmuch as it involved the possession of real estate and the payment of a monthly rent for it. There was nothing of this kind in the case at bar. The facts here more closely resemble those in *People ex rel. Daniels* v. *Cushman* (1 Hun, 73), where the relators agreed to pay the respondent, the lessee of a pier, fifty dollars a month for the privilege of placing a derrick, scales and office upon

a certain portion of the pier, and where it was held that this did not create the relation of landlord and tenant, the court holding that there must be a letting of the realty itself to constitute such relation. I think the position of the plaintiff in the present proceeding was more analogous to that of a bootblack licensed to maintain a stand in a railroad station, who surely could not be deemed an occupant of real property in such a sense as to render a trespass upon his occupation, however violent, a forcible entry into real property. (*Deluise* v. *Long Island R. R. Co.*, 65 App. Div. 487.) I conclude, therefore, that this is not a case in which the plaintiff was entitled to invoke the remedy provided by section 2233 of the Code and the subsequent sections relating to forcible entry and detainer. In expressing this opinion I do not mean to be understood as holding that the plaintiff's license was rightfully revoked by the park department. Indeed, it seems very doubtful, under the opinion of the Appellate Division of the first department in *Gushee* v. *City of New York* (*supra*), whether such revocation was proper in the absence of evidence that the department had officially determined through some regulation or ordinance that no stand for refreshments should be maintained near the Firman Mansion in Pelham Bay Park.

The conclusion, however, that the case does not fall within the purview of the Code provisions relating to forcible entry and detainer demands a reversal of the order appealed from.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Final order of the Municipal Court reversed, with costs.