(55 Misc. Rep. 224)

BROWN v. MORRILL.

(Supreme Court, Appellate Term. June 27, 1907.)

1. FRAUD—ACTIONS—RIGHTS.

In an action for deceit, in being fraudulently induced by false representations to execute a lease of defendant's premises, the rights of the parties are not controlled by the lease.

2. SAME—PLEADING—FALSITY OF REPRESENTATION AND KNOWLEDGE THEREOF.

A complaint, in an action for deceit and fraudulent representations relating to a lease, which did not allege that any representation was false and made with intent to deceive, or that the defendant had knowledge of the falsity and induced the plaintiff to rely on the representation knowing it to be false, was insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, § 37.]

3. SAME—DAMAGES—MEASURE OF ELEMENTS OF COMPENSATION.

In an action for deceit relating to a lease of premises, the measure of damages is the difference between the value of the lease for the unexpired term and the stipulated rent, and the cost of moving into and out of the premises, and not prospective or lost profits.

Appeal from City Court of New York.

Action by William Brown against Frank E. Morrill. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

C. S. Tabor, for appellant.
J. H. Laird, for respondent.

PLATZEK, J. This is an appeal by the defendant from a judgment of the City Court in favor of plaintiff for $573.70. The respondent's counsel in his points states:

"The plaintiff's action is for deceit. He claims that he was induced by false representations to execute a lease to defendant's premises, to move in at a cost and expense, and pay a month's rent, and specifying these items and the loss of the use and profits of his plant as his resulting damages. The trial below was had on that issue and on that theory alone."

The defendant interposed a general denial and asserted a counterclaim for past-due rent. The appellant's theory is that the rights and

obligations of the parties were measured and controlled by the written lease, and objected to the admission of testimony, and conducted the defense on the assumption that the lease entirely controlled, and that evidence was admitted and given to vary and contradict the written instrument. The defendant's counsel is wrong in his view of the law, for the reason that the plaintiff is not suing for a breach of the covenant of the lease, but is seeking to recover damages for deceit in being fraudulently induced to sign the lease, relying upon the representations of the defendant.

It is elemental that in an action for deceit and false representations the necessary allegations are: First, the fraudulent representation relied upon to sustain the cause of action; second, the falsity of the representation; third, the scienter; fourth, the intent to deceive; fifth, proper damages. The only one of these elements found in the complaint is the representation, and that is not stated to be fraudulent; the alleged representation in this case being:

"Mr. Lovejoy, the agent, showed me the electric service in the building, and said to me that all I needed is to go on and start to do work. * * * It was said the electric service was right in the building, and I could have it if I want to."

Lovejoy testified:

"I told him that it was up to him to make arrangements to have his electrician come there. * * * That was while I was in the building showing him the place."

Plaintiff moved in, and claims to have procured motor and wiring; but a tenant who had the basement refused to allow any connection to be made. It must always be remembered that no such condition of promise or suggestion is contained in the lease executed between the parties, which is in evidence and part of the record. It is nowhere alleged in the complaint that any representation was false and made with the intent to deceive, or that the defendant had knowledge of the falsity and induced the plaintiff to rely on the representation, knowing it to be false. In an action for deceit, no recovery can be had on proof of the mere breach of a contract, unless all the necessary allegations to sustain a recovery for fraud and deceit are alleged, and then the breach of the contract may be averred by way of inducement only, and not for any other purpose. Search will be made in vain in the complaint for any allegations, and in the evidence in the case for any testimony, to sustain an action for deceit and fraudulent representations relating to the lease in question.

The plaintiff offered evidence of lost profits as an element of damages. Objection was made and overruled, and duly excepted to. It was, in my judgment, reversible error to admit proof of lost profits in this case. The true rule of damages in this case is analogous to that of an evicted tenant, and is the difference between the value of the lease for the unexpired term and the stipulated rent, as well as the cost of moving into and out of the premises. An evicted tenant cannot recover prospective or lost profits. The measure of damages is, whether the action be on contract or in tort, the same, viz., the difference between the rent reserved and the value of the premises for the term, and the

costs of moving in and out.   Trull v. Granger et al., 8 N. Y. 115.   This case was cited with approval in Eastman v. Mayor, 152 N. Y. 473, 46 N. E. 841.   See, also, Oehlhof v. Solomon, 73 App. Div. 329, 76 N. Y. Supp. 716, on rule as to damages generally in actions for deceit and fraudulent representation.

This judgment should be reversed:   First. Because the allegations of the complaint are insufficient, and do not set out a cause of action for deceit and fraudulent representations.   Second. Because the evidence in the case is wholly insufficient to sustain a cause of action for deceit and false representations in the making of the said lease.   Third. Because of error in admitting evidence, against objection, covering items for lost profits in the business of the plaintiff, amounting to $300. Fourth. Because the judge in his charge to the jury, submitted to them as an element of damages "that he also lost certain profits in his business, which he has detailed to you, amounting to about $300, which, added to the $315, makes $615, which is the amount he seeks to recover at your hands," to which the defendant's counsel duly excepted.

Judgment reversed. and new trial ordered, with costs to appellant to abide the event.   All concur.