[Metzger v. Brincat.]


# Metzger *v*. Brincat.

*Bill for Injunction Against Suit for Rent and Unlawful Detainer, and to Set Off Damages.*

(Decided Jan. 23, 1908.    45 South. 633.)

1. *Landlord and Tenant; Covenant of Lease; Breach; Lessee's Right.*—In the absence of proof of an assignment of the lease to the partnership, the fact that complainant formed a partnership about the time of the consummation of the lease does not defeat his right to recover individually for a breach of the lessor's sovenant.

2. *Reference; Report; Form.*—Where a decree was entered by agreement granting complainants relief, and referring to the register to ascertain the amount the lessor should pay for the breach of his covenant and what amount the lessee should pay, a report finding such amount and accompanied by a statement of the evidence on which the finding is based is sufficient in form.

3. *Appeal; Register's Reports; Conclusiveness.*—The register's report comes to this court on appeal as the verdict of the jury and is just as conclusive.

4. *Damages; Breach of Covenant.*—Where it was shown that on account of being near a particular street corner a fruit stand was favorably placed, and that the placing of a fruit stand between the corner and the other fruit stand, caused a definite depreciation in business, the lessee of a fruit stand damaged through the lessor's breach of covenant by leasing a stand between the fruit stand and the corner can reasonably ascertain what are the damages, and such damage is not speculative.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by John C. Brincat against Simon Metzger. From a decree for complainant, defendant appeals. Affirmed.

PILLANS, HANAW & PILLANS, and L. H. & E. W. FAITH, for appellant. The contract being between Brincat and Metzger, Brincat & Co., could not avail of any damages effected by the breach of the contract as there was no mutuality.—*Watts v. Rice,* 75 Ala. 289 ; *Drennan v. Gilmore,* 132 Ala. 248.   We, therefore, insist that the

[Metzger v. Brincat.]

plea filed was a complete answer to the suit. The register's report plainly violates the rule laid down in the case of *O'Neal v. Perryman,* 102 Ala. 522; *Woodruff v. Smith,* 127 Ala. 77. There is no measure or criteria by which to establish damages in this case.—*Bell v. Reynolds,* 78 Ala. 514; *Brigham v. Carlisle,* 78 Ala. 249; *Evans v. C. S. & M. R. R. Co.,* 78 Ala. 342; *Young v. Cureton,* 87 Ala. 727; *Pollack v. Gantt,* 69 Ala. 373; *Montgomery v. Harwood,* 26 N. E. 182; *Moulthrop v. Hyatt,* 105 Ala. 493.

FRANCIS J. INGE, for appellee. The decree recites that it was rendered by agreement of parties and is in all respects a proper decree.—*Abrams v. Watson,* 59 Ala. 524; *Farris v. Houston,* 78 Ala. 250. The findings of a register will be regarded as prima facie correct and every doubt will be resolved in favor thereof.—*Jones v. White,* 112 Ala. 449; *Anniston Co. v. Ward,* 108 Ala. 85; *Speakman v. Burleson,* 123 Ala. 678; *Novell v. Gillian,* 136 Ala. 618. The chancellor's rulings on exceptions to the register's reports, depending upon proof before the register, will not be reversed unless clearly shown to be wrong.—*Mahone v. Williams,* 39 Ala. 202; *Glover v. Hembry,* 82 Ala. 324. There was plenty of criteria to fix the measure of damages.—*Vail, et al. v. McReed,* 36 Ala. 61; *Jones v. Noel,* 36 L. R. A. 862; *Danford's Case,* 99 Ala. 331; *Smith v. Dinkinspeil,* 91 Ala. 528; *Ala. Chem. Co. v. Guiss,* 39 South. 265; *Reynolds v. Bell,* 84 Ala. 496.

SIMPSON, J.—The original bill in this case was filed by the appellee against the appellant. The bill alleges that on July 27, 1905, complainant had entered into a written contract, by which the defendant leased to him a certain fruit stand in the city of Mobile, and complain-

ant executed his 12 promissory notes, for $60 each, payable monthly; that in said written lease said defendant agreed not to rent any other portion of the building to be used as a fruit stand which would conflict with said tenant's business; that the reason which induced complainant to rent said fruit stand was that there were no other stands in the immediate vicinity, and it was near the corner; that about the time complainant went into possession the defendant had rented another portion of the building, between complainant's stand and the corner of the street, to another party, for a fruit stand, resulting in great injury to the business of plaintiff (explaining the reasons). It alleges, also, that complainant had instituted suit against the defendant for damages, and defendant had sued complainant on one of the rent notes, and had served notice on the complainant to surrender the premises within 48 hours or legal steps would be taken to put him out; that, as the suit of defendant against complainant was in a justice of the peace court, he could not plead an offset to a greater amount than $100, and could in no manner recover further damages. The bill alleges that said defendant is insolvent, offers to pay the entire amount of rent that is or will become due after deducting the amount of damages which he may be adjudged entitled to, and prays for an injunction against suits for rent and for unlawful detainer and that compensation in damages be allowed him and be set off against the rent.

The defendant filed a plea, alleging that complainant had formed a partnership with one Carmillers about the time he commenced said business, and said business had been conducted under the name of J. C. Brincat & Co., and that therefore the complainant was not affected by the matters complained of and not entitled to any action against respondent. This plea was held by the chancel-

lor to be insufficient, and this is the first matter of error insisted on. The lease was to Brincat individually, and there is no proof that it was ever assigned to the firm of J. C. Brincat & Co. Consequently Brincat was the only person who could sue on it. The record does not show what arrangement he made with his partner. Brincat was the holder of the lease, and if he could show any damage to himself by breach of the covenant therein he was entitled to recover.

The record shows an agreement between the parties that the chancellor should render a decree "granting the complainant relief, and referring to the register of this court to ascertain what amount the defendant should pay to the plaintiff for the breach of the lease executed by the defendant to the complainant, and further ascertain what amount, if any, the complainant should pay to the respondent for the rent of the property. This eliminated all questions as to the right of the complainant to recover, and simply left the amount to be ascertained. The appellee, then, very properly states in his brief that "the main questions presented for review are the exceptions to the register's report as to the damages." The register reported that the defendant should pay the complainant for the breach of the lease $1,000, and that the complainant should pay the defendant for rent $720, leaving a balance in favor of the complainant of $280. This report follows the agreement, and the decree thereon, literally; but the appellant insists, first, that the register's report should not have been received, because it did not conform to the rule laid down in *O'Neill v. Perryman,* 102 Ala. 523, 14 South. 898. The remarks at the close of that opinion are based upon rule 90 of chancery practice (Code 1896, p. 1221) which rule relates to accounts containing debits and credits, and goes on to state specifically that "a refer-

ence, however, to ascertain the amount due from one party to another, where a statement of the account is not necessary, need not be in this form." The agreement, and the decree following it, refer only two matters to the register, towit, to ascertain the amount the defendant should pay the plaintiff for breach of the lease, and the amount, if any, the complainant should pay for rent. He reports as to these matters, finding that the complainant shall pay the entire amount of rent according to contract, and that the defendant shall pay $1,000 damages; leaving a balance of $280 in favor of the complainant, and files with his report a statement of the evidence on which he based his findings. We hold this to be sufficient.

Giving to the report of the register the effect of a verdict by a jury, and indulging the presumptions as to its correctness, in accordance with the numerous decisions of this court on that subject, we cannot say that the findings of the register are not supported by the evidence, nor that the damages awarded are excessive.— *Danforth & Armstrong v. Tenn. & Coosa River Ry.*, 99 Ala. 322 (ninth headnote) 13 South. 51; *Bell v. Reynolds & Lee*, 78 Ala. 511, 56 m. Rep. 52; Id., 84 Ala. 496, 4 South. 703; *Brigham & Co. v. Carlisle*, 78 Ala. 244, 249, 56 Am. Rep. 28. The contract shows that the matter in the contemplation of the parties was that the business of the appellee should not be injured by renting a portion of the house to another party, and the evidence shows that the damages were ascertainable with reasonable certainty. The case of *Delnise v. Long Island R. R. R. Co.*, 65 App. Div. (N. Y.) 487, 72 N. Y. Supp. 988; Id., 174 N. Y. 516, 66 N. E. 1106, referred to by counsel for appellant, was one where a railroad company had failed to deliver possession of a boot-blacking stand within the time agreed upon, when the other party re-

26 R

[Metzger v. Brincat.]

fused to accept it, and sued, recovering $100, which he had paid in advance for rent; and the only question in controversy was whether the defendant was properly chargeable with costs, which the court held he was. The case of *Montgomery Co. Union Agr. Soc. v. Harwood*, 126 Ind. 440, 26 N. E. 182, 10 L. R. A. 532, was for breach of a provision in a lease of a privilege at a fair, and the decision is placed upon the ground that it was a lease of a mere temporary privilege for a few days, and there was no data from which probable sales could be estimated, and that character of business was contrasted with an established business.

This case, and others cited, are differentiated from the one now under consideration, in that in the present case there is evidence that the particular locality where this fruit stand was located had for years been a favored place for such business, on account of being near the corner where passengers from the railroad station passed; that this particular stand had been previously occupied by the party whom Brincat had bought out, and to whom the defendant had rented that part of the building between plaintiff and said corner; that all fruit dealers in that locality had experienced a definite depreciation in business whenever a rival stand was placed between them and said corner; and it was also shown that this particular business experienced a like depreciation from the time the rival stand was set up. The damage was consequently ascertainable with reasonable certainty, and was not speculative; and the contract had been made with a view to guard against that particular damage.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.