BAILEY v. KRUPP.

(Supreme Court, Appellate Term. June 3, 1908.)

1. LANDLORD AND TENANT—ACTION FOR RENT—COUNTERCLAIM FOR WITHHELD POSSESSION.

In an action for rent, defendant tenant could show under a counterclaim damages sustained through plaintiff landlord's failure to give possession of the premises on a specified date as required by the lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 885–889.]

2. SAME—DAMAGES—MEASURE.

The measure of a tenant's damage for deprivation by the landlord of the use of demised premises is an amount equal to the excess of the actual rental value over the rent reserved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 453.]

3. SAME—EVIDENCE.

Though, in an action to recover rent under a written lease requiring defendant tenant to maintain an elevator, testimony tending to show a parol agreement· by the landlord to pay for repairs on the elevator after the beginning of the term would not be admissible under ordinary circumstances, because a landlord does not impliedly covenant that premises are tenantable when leased, and in the absence of anything in the lease to the contrary the tenant must take the premises as he finds them, and because testimony showing a parol agreement varying the terms of a sealed instrument is inadmissible, the landlord having continued to use the premises from the execution of the lease until the beginning of the term, if through negligent use of the elevator during such period more than ordinary repairs were required, the tenant could show, as a counterclaim to the landlord's claim for rent, that the landlord agreed to pay for such repairs.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Charles R. Bailey against Joseph Krupp. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Bogart & Bogart, for appellant.
Frank B. Colton, for respondent.

GILDERSLEEVE, P. J. The plaintiff sued to recover the sum of $225 for rent for the month of August, 1907, agreed by the defendant to be paid according to the terms of a written lease executed by the parties. The claim of the plaintiff was not disputed. The answer set up three counterclaims: First, a lease to the plaintiff from the defendant of a portion of the same premises, by reason of which plaintiff was indebted to defendant for rent in the sum of $42; second, damages by reason of the failure of the plaintiff to give the defendant possession of the demised premises on February 1, 1907, as provided in his lease; third, that subsequent to the entry into possession by the defendant under the lease the plaintiff promised to pay for repairing the elevator in said premises. Upon the trial the amount of the first counterclaim only was allowed, and judgment for the plaintiff

was given for the sum of $225, less the sum of $42, the amount of rent due from the plaintiff to the defendant for that portion of the premises leased by him.

Substantially all the testimony offered by the defendant tending to establish his second counterclaim was excluded by the court. This was error. It is true that the plaintiff proved that soon after the defendant took possession of the demised premises he rendered a bill for alleged damages suffered by him by reason of the failure of the plaintiff to permit the defendant to have exclusive possession of the premises until six days after the commencement of the lease, which bill was paid by plaintiff. This bill, however, did not include the rental value of the premises during the time the tenant was deprived of them by the acts of the landlord, but was for lumber used in making certain repairs, windows, storage of goods, etc. The ruling of the court that this counterclaim "is not an issue that can be raised herein" was erroneous. The evidence as to whether or not the defendant was wholly deprived of the use of the premises was not very conclusive, and it may be that the items contained in the bill rendered by him to the plaintiff, and paid, contained all the items of damage to which, under the circumstances, the defendant was legally entitled; but the evidence upon that question should have been admitted, and weighed by the court, bearing in mind that the true rule of damage, in case where the tenant is deprived of the use of demised premises by the landlord, is the amount represented by the excess of the actual rental value over the rent reserved in the lease. Trull v. Granger, 8 N. Y. 115; Pumpelly v. Phelps, 40 N. Y. 60, 100 Am. Dec. 463; Dodds v. Hakes, 114 N. Y. 260–265, 21 N. E. 398.

The defendant's third counterclaim was set forth in the answer as follows:

"That subsequent to the making and entering into of the lease referred to in plaintiff's complaint the plaintiff for a valuable consideration promised and agreed to pay the cost of repairing the elevator in the premises described in the complaint," that the plaintiff neglected and refused to pay for the same, and that defendant paid for repairing said elevator the sum of $55.

The lease was dated November 5, 1906, the term to begin February 1, 1907, and covered four lofts in the building at No. 50 Leonard street, in this city. It contained a clause by which the tenant agreed to "maintain and operate the elevator and machine pertaining thereto at his own costs and expense," and also a clause that the tenant should "make all necessary repairs on said premises without expense to the lessor, except damage by fire," etc. On the same day, and to take effect at the same time, the defendant leased to the plaintiff the "rear half of first loft" in the same building. This lease contained no reference to the elevator, but contained the same clause regarding repairs as was in the lease from the plaintiff to the defendant. The court below ruled that the defendant could not offer any testimony at all upon the subject of the making of repairs upon the elevator at the request of the plaintiff. The lease obligated the defendant to "maintain" and operate the elevator. This clause was typewritten in-

to the ordinary form of printed lease. This required that the defendant should do all repairs necessary for the maintenance of the elevator, and testimony tending to show a parol agreement to pay for repairs made upon the elevator after the beginning of the term would not be admissible under ordinary circumstances, first, because there is no implied covenant upon the part of a landlord that premises are in tenantable condition when leased, and in the absence of anything in the lease to the contrary the tenant must take the demised premises as he finds them; and, second, because testimony showing a parol agreement varying the terms of a sealed instrument is inadmissible. But the circumstances of this case seem to take it out of the usual cases where a tenant seeks to charge a landlord with the cost of repairs, made during the term. The plaintiff was in occupancy and use of the premises when the lease was signed. He continued to use them until the beginning of the tenant's term. If by reason of the negligent use of the elevator by the plaintiff, between the date of the lease and the beginning of the defendant's term, more than ordinary repairs were required to be done to the elevator, and the plaintiff promised and agreed to pay therefor, there seems no legal reason why, upon proof of these facts, the defendant could not counterclaim the amount paid by him for such repairs. The general clause in each lease relative to repairs has reference only to those portions of the premises covered by such lease and has no reference to the repairs to be made to the elevator; that being covered by special reference thereto in defendant's lease.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

