PROCTER S. DWINNELS *vs.* GEORGE W. BOYNTON.

A search warrant issued by a competent tribunal will protect an officer who acts under it, although founded on an insufficient complaint.

An officer may lawfully serve a search warrant which refers to an annexed complaint, on which it is founded, for a description of the place to be searched and the property to be searched for.

A complaint which alleges that "three cases of misses' and women's boots, of the value of one hundred dollars; a lot of oak tanned soles, of the value of fifty dollars; and ten sides of sole leather, of the value of forty dollars," have been stolen, contains a sufficient description of the property to authorize the issuing of a search warrant, and to justify an officer in making search therefor, under a warrant which refers to the complaint for a description of the goods.

A search warrant describing the place to be searched as "the dwelling-house of Procter Dwinnels, mentioned in the above information," which is annexed, and in which the place to be searched is described as "the dwelling-house of Procter Dwinnels of Rowley, in said county," will protect an officer who acts under it in searching the dwelling-house of Procter S. Dwinnels in Rowley, if that is the place intended to be searched, and there is no person in the town by the name of Procter Dwinnels.

An officer who serves a search warrant which commands him to search a dwelling-house therein described, for sole leather and other goods, is not rendered a trespasser *ab initio* merely by taking and examining a case of "uppers" found in the house, and laying them down again, although they were not specifically mentioned in his warrant, and he knew they were not, if in so doing he acted in good faith; or by searching a shop, without license, before searching the dwelling-house.

TORT. The first count of the declaration charged that the defendant forcibly entered the plaintiff's dwelling-house. The second count charged that the defendant forcibly entered the plaintiff's shop.

At the trial in the superior court, before *Ames,* J., it appeared that the defendant, being a deputy sheriff, did the acts charged ; and he justified the entry into the house, which was after the

Dwinnels *v.* Boynton.

entry into the shop, under a search warrant. The material portions of the warrant, and the complaint on which it was issued, are copied in the margin.* The judge ruled that this warrant would justify the officer in entering and searching the plaintiff's house. It was admitted that there was no person named " Procter Dwinnels," and that the plaintiff was the person intended in the complaint and warrant.

It appeared that the defendant, while engaged in searching the house, found in a closet a case of " uppers," and took them into his hands and examined them, although he knew that they were not included in his warrant. The plaintiff requested the judge to instruct the jury that by this act, and by the prior entry into and search of the shop, if done without license, the defendant became a trespasser *ab initio.* The judge declined so to rule; and instructed the jury that, if the defendant served the warrant in a reasonable and proper manner in other respects, and if in so doing, and acting in good faith, he merely took and examined the "uppers" and then laid them down again, even though they were not in his warrant and he knew they were not, this would not be such an abuse of his authority as to deprive him of his justification; and that a previous trespass in

---

* (COMPLAINT.) " To M. F. Edmonds, Esquire, one of the trial justices within and for the county of Essex. George W. Boynton of Georgetown, in the county of Essex, on oath informs the said justice that the following goods, to wit : three cases of women's and misses' boots, of the value of one hundred dollars; a lot of oak tanned soles, of the value of fifty dollars ; and ten sides of sole leather, of the value of forty dollars ; all of the value of one hundred and ninety dollars [here follow allegations of the ownership and larceny of the property] ; and that he hath probable cause to suspect and doth suspect that said goods, or a part thereof, are concealed in the dwelling-house of Procter Dwinnels of Rowley, in said county, and prays a warrant," &c.

(WARRANT.) Seal. Essex to wit. To the sheriff, &c.

" In the name of the Commonwealth of Massachusetts, we command you and each of you, forthwith, with necessary and proper assistants, to enter in the daytime into the dwelling-house of Procter Dwinnels, mentioned in the above information, and there diligently to search for said goods, and if the same or any part thereof shall be found on such search, that you carry the goods so found " &c.

entering and searching the shop would not make him a tres-
passer *ab initio* in afterwards executing the search warrant in
the dwelling-house.

The jury returned a verdict for the plaintiff on the second
count, and for the defendant on the first count; and the plaintiff
alleged exceptions.

*S. B. Ives, Jr.* for the plaintiff.

*J. P. Jones*, for the defendant.

DEWEY, J. In the view which the court have taken of the
present case, it is unnecessary to consider the objections urged
against the sufficiency of the complaint to authorize the issuing
of a warrant thereon, as the officer serving the process might
well justify under his warrant, the same having been issued
from a competent tribunal having jurisdiction of the matter, and
fully authorized to issue search warrants. *Donahoe* v. *Shed*,
8 Met. 326.

In aid of the sufficiency of the warrant, which was annexed
to the complaint, the officer might properly refer to the latter for
the description of the property alleged to have been stolen, and
the place to be searched ; the warrant referring to the same for
such description.

The court are of opinion that the articles alleged to have been
stolen, and for which search was required to be made, are suffi-
ciently described.

The place to be searched is " the dwelling-house of Procter
Dwinnels of Rowley, in said county." This by reasonable con-
struction fixes the town in which the dwelling-house is situated.
It also sufficiently describes the house to be searched, namely,
that of " Procter Dwinnels." We think, under the circumstances,
this description was not vitiated by the fact that the full name
of the occupant was Procter S. Dwinnels, it being admitted
that there was no person in the town of the name of " Procter
Dwinnels," and that in the complaint and warrant no other
house was described, or intended to be. The omission of the
" S. " in the name of Procter Dwinnels, although it might in a
complaint or indictment against Dwinnels have been a good
ground for a plea in abatement, cannot avail to avoid the

validity of the search warrant, if it be found from the whole description that it was this dwelling-house that was to be searched.

There exist no legal grounds for exceptions to the rulings of the court as to the effect of the defendant's entry into the shop, or of his taking momentarily into his hands an article not described in the search warrant.　　　　*Exceptions overruled.*