STATE OF MAINE *vs.* ELIZABETH MINNEHAN, appellant.

Androscoggin.    Opinion April 7, 1891.

*Intoxicating Liquors.    Warrant.    Description of premises.    Pleading.*

A liquor warrant against a dwelling-house sufficiently describes the premises by an averment that the house is occupied by the defendant, and situated on the east side of Blake street; the house being in fact so occupied and situated east of Blake street, but not adjoining it; although there be another house between that of the defendant and the street, and access to defendant's house be by an alley running from the street past the other tenement.

ON EXCEPTIONS.

After verdict against the defendant, she excepted to the instructions of the presiding justice, and which are stated in the opinion.

*Frank L. Noble,* for defendant.

The offense is local by nature, and the description of the place to be searched must be particular, special and specific. Const. of Maine, Article 1, § 5; *State* v. *Roach,* 74 Maine, 563; *State* v. *Kelleher,* 81 *Id.* 346. Description must be so accurate by metes and bounds that officer can find the place without reference to what persons he may find in it, or any knowledge he may have outside the complaint and warrant, and legally sufficient to convey by deed. *State* v. *Robinson,* 33 Maine, 564; *Jones* v. *Fletcher,* 41 *Id.* 254.

*J. M. Libby,* county attorney, for the state.

PETERS, C. J. This is a search and seizure process wherein the premises to be searched are described as follows: "The dwelling-house and its appurtenances occupied by her, said Elizabeth Minnehan, and situated on the east side of Blake Street, in said Lewiston."

In the trial, evidence was introduced tending to show that the premises searched were those actually occupied by the defendant as a dwelling-house; that said dwelling-house was east of Blake Street; that said house was not next to Blake Street on its easterly side; but that between said house and said Blake Street was another house, not occupied by the defendant, and a space of about twelve feet between the two houses; that the approaches to the dwelling-house occupied by the defendant were by a passage or alley-way running to it from Blake Street; and that all the doors of the premises searched opened on to the alley way.

The counsel contended that there was a fatal variance between the description in the warrant and the description of premises proved. The judge ruled, substantially, that the jury would be authorized to find that there was no variance, if the evidence be believed.

There is really no variance. At most, there is a slight diminution of description in the warrant, not misleading at all. The warrant does not necessarily call for a location of the house immediately upon the street, but on the east side of it. It is

on the east side of Blake Street, and is the house occupied by the respondent. The description as a whole would lead the officer serving the warrant to the correct house. The description would have been practically perfect had these words been added to it, "and connected with Blake Street by an alley running from the house thereto." But that fact was easily ascertainable upon an examination of the locality.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.