## John W. Hedenberg v. David W. Graham.

1. VERDICTS—*Who May Complain.*—A defendant may not be permitted to urge, as a ground for reversal,·that the verdict was less than it ought to have been. It is only permitted to one that is injured by a verdict to complain of it.

**Assumpsit,** for physician's services. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

EDGAR BRONSON TOLMAN, attorney for appellant.

T. H. GAULT, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee to recover for professional services as a physician and surgeon. The defense was that of neglect of professional duty in the case in which the services were rendered. The claim was for two hundred and thirty-two dollars, and the jury returned a verdict for exactly one-half that sum, upon which the judgment appealed from was entered.

Whether or not, under the evidence, the appellee was guilty of neglect of duty, was a question of fact and not one of law, and it being determined in favor of appellee, then the further question of what was the reasonable value of the services rendered by him, became, likewise, one of fact and not one of law, and upon both questions we must treat the verdict as conclusive upon us.

A defendant may not be permitted to urge as a ground for reversal that the verdict was less than it ought to have been. It is only permitted to one that is injured by a verdict to complain of it.

It is assigned for error that an instruction asked by appellant was refused. While we do not think it would have

been error to have given the instruction, it is plain that in substance the principle contained in it was sufficiently stated to the jury in other instructions that were given at appellant's request.

Perceiving no error in the record, the judgment is affirmed.

## UPON PETITION FOR REHEARING.

In our original opinion we did not discuss, although we had considered, a question that is now reiterated with so much force as to persuade us that it is our duty to express our views upon it.

The case that was presented to the jury, by the evidence and instructions, was whether or not the appellee was guilty of a neglect of professional duty in the case in which his services were rendered, and for the rendition of which he sued to recover compensation. There was no question made by the appellant as to the reasonableness or amount of appellee's charge of $232. The only defense was a neglect of professional duty by appellee to such an extent as to preclude his recovery of any sum whatever. It was a defense to the whole case, and not to a part of it, the appellant conceding that he was bound to pay all that was claimed, if anything.

And it was argued by appellant, in his original brief, as it is again in his petition for a rehearing, that if the jury believed appellee had not been guilty of neglect of duty, the verdict should have been for $232, and could not properly have been for only one-half that sum, but if they believed he had been guilty of such neglect, then the verdict should have been for the appellant.

The law undoubtedly is, that if the appellee were guilty of neglect in the duty he had undertaken, he could not recover anything, and the jury were so instructed.

The situation, as claimed by appellant, is about this : that if the verdict against him had been for the full amount of $232 it could not be disturbed, but being for only one-half that sum it may be.

It must be admitted that there is an inconsistency between the amount of the verdict and the facts of the case. For the law is, that if the fact was that there had been no neglect of duty by appellee he should have recovered the full amount of his claim, and if there had been such neglect he should have recovered nothing. By intendment of law a verdict settles in favor of the prevailing party every question of fact litigated at the trial. We must, therefore, regard the verdict as settling as a fact that appellee was not guilty of neglect of professional duty. And although urged to do so, we do not feel that we may say that, under all the evidence, such a conclusion is so clearly wrong as to justify us in setting it aside.

Was there, then, a violation of any rule of law by the jury, to the prejudice of appellant, which entitles him to have the verdict set aside because it was for a less amount than appellee was entitled to?

The question is more interesting than practical, and is not likely to often arise.

Exact justice is more theoretical than practical in the law's administration. It would be a practice full of mischievous consequences if appellate tribunals were to adopt as an established rule that cases should be remanded for another trial at the instance of the losing party, for the mere reason that if he were indebted at all he was indebted in a greater amount than the verdict found he owed.

Verdicts often appear to be, and doubtless are, the result of a yielding by one or more of the jurors to the views of their associates, and may properly be such, and unless it is quite plain that a verdict has been arrived at through improper compromises among the jurors, or as the result of some chance arrangement between them, whereby the individual judgment of the jurors has been sacrificed, or by other means destructive to a sense of deliberation, the verdict ought not to be disturbed for the single reason that its amount does not present a logical and consistent result of its other findings.

It would be pure speculation to attempt to show the

processes through which the amount of the verdict was reached, and perhaps no one of the jurors whose verdict it was, could satisfactorily account for it, although it embodied his final conviction of what was the truth and right of the case.

It is enough if a verdict represents the final result of the combined deliberations and convictions of the whole of the jury, without any wrongful surrender of the individual opinion of each juryman, and in such case the verdict should stand, although it be logically inconsistent with some of their other findings.

The opinion of the court, at General Term, in Wolf v. Goodhue Fire Insurance Company, 43 Barb. 400, contains much that is applicable to the case at bar.

See, also, Allen v. United States, 164 U. S. 492.

We must continue to adhere to our former judgment, and therefore the petition for a rehearing is denied.