MINNIE WALLER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1898.*

1. CRIMINAL LAW—*what is a sufficient description of stolen property.* An indictment describing the article stolen as "one cape, of the value," etc., "the personal goods and chattels of," etc., indicates the subject of the larceny with reasonable certainty, the word "cape," as so used, being commonly understood to mean a garment used as a shoulder wrap.

2. SAME—*proof of user is prima facie evidence of existence of corporation.* In the absence of countervailing testimony, proof of the actual exercise and enjoyment of corporate powers and functions sufficiently supports an allegation in an indictment that the owner of the article alleged to have been stolen was a corporation organized under the laws of Illinois, as proof of user is, by statute, made *prima facie* evidence of corporate existence. (Laws of 1889, p. 115.)

3. EVIDENCE—*conversations in which accused participated are competent.* Conversations in which the accused participated when charged with the crime are admissible at the trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOSEPH B. DAVID, for plaintiff in error.

EDWARD C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and HAYNIE R. PEARSON, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error brought to review the judgment of the criminal court of Cook county convicting the plaintiff in error of the crime of grand larceny, and adjudging she should be confined in the penitentiary.

The description given in the indictment of the property alleged to have been stolen is, "one cape, of the value," etc., "the personal goods," etc. A motion to quash the indictment on the ground the property alleged to have

been stolen was not sufficiently described was overruled, and this ruling of the court is assigned as for error. The argument in support of the assignment is, the word "cape" is the name of more than one object, and nothing contained in the indictment indicates which of said objects the word was intended to signify. In the general, popular and usual acceptation the word, "cape" means either a garment or part of a garment used for covering the shoulders of the wearer, or a neck or narrow strip or point of land extending some distance into a body of water. The rule is, "the indictment must state with reasonable certainty what was stolen." (2 Bishop on Crim. Proc. sec. 969.) A natural formation of the earth,—as a cape of land,—cannot be the subject of larceny, hence it would be wholly unreasonable to say it was uncertain in which sense, in ordinary acceptation, the word "cape" was used. The word "cape" is sometimes employed as descriptive of a kind of wine made at the Cape of Good Hope, but in such instance it is not used as a noun. It is, therefore, clear it was not in that sense that it was used in the indictment. It is urged that the word "cape" means the coping of a wall, and also ears of corn broken off in threshing; but we find from standard dictionaries and cyclopedias no such meanings are given the word except in certain restricted localities in the northern part of England. We are to accept the word in its plain, ordinary and popular meaning in our country and among our people. We think the description of the property is set forth in the indictment with reasonable certainty.

The indictment charged that the cape was of the "personal goods and chattels of 'The Fair,' a corporation organized and incorporated under the laws of the State of Illinois." Proof of the actual exercise and enjoyment of corporate powers and functions was made, but counsel for plaintiff in error contends that, as the indictment charged the corporation had been organized and incorporated under the laws of the State of Illinois, it became

necessary for the prosecution to prove that the corporation had been organized and incorporated as alleged. It is provided in the Criminal Code (sec. 486, chap. 38,) that in all criminal prosecutions involving proof of the legal existence of a corporation, user shall be *prima facie* evidence of such existence. The legal existence of a corporation presupposes its organization and incorporation. Proof of user, therefore, sufficiently supported the allegation of the indictment, there being no countervailing proof. The complaint the proof did not establish that the corporate name of the alleged corporation was "The Fair" is wholly groundless. The evidence was ample upon this point.

While the witness introduced to establish the value of the cape was permitted to give his opinion as to its value without being restricted to the value thereof on the market, further testimony given by him on his cross-examination developed that his estimate was, in fact, based upon the salable or market price and value of the garment.

It appeared from the evidence the plaintiff in error, while in the store of the corporation, was charged by one of the employees of "The Fair" with the theft of a fur cape which was then in her possession, and was seized by such employee and taken to the room or office of the superintendent of the corporation. The superintendent was allowed to testify to a conversation which occurred in the office, in which the plaintiff in error participated, in the course of which she, the plaintiff in error, denied that she was guilty and said she had the cape when she came into the store, and that at that time officer Evans came into the office, and the witness, the superintendent, asked him if he knew or recognized the plaintiff in error, and that the officer replied: "Yes; it is the notorious shop-lifter, Emma Weir." It appeared from the testimony of Evans that he came into the office while the conversation between the plaintiff in error, the employee and the

superintendent was in progress, and that he said to plaintiff in error, "Hello! Emma; stealing again?" and she replied, "I don't know," and that then it was that he said to the superintendent, "That is Emma Weir, the notorious shop-lifter," and the plaintiff in error did not say anything more. It was entirely competent to give in evidence a conversation so far as the plaintiff in error took part therein. The position of her counsel that the testimony complained of related to two distinct conversations, and that she did not participate in one of them, is not tenable. But if it should be regarded that separate conversations occurred in the office, we find it clearly appeared from the evidence the plaintiff in error participated in both. Moreover, the guilt of the plaintiff in error was established by overwhelming and practically undisputed testimony.

The judgment is right, and is affirmed.

*Judgment affirmed.*