NICHOLS v. EUSTIS et al.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

1. MUNICIPAL CORPORATIONS (§ 721*)—PARKS—LEASE—"PREMISES."

In a lease granting to plaintiff the use of park land on which stand the premises owned by her, where there was undisputed evidence that there were buildings on the park lands owned by plaintiff, the words "premises" may be construed as meaning buildings.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 721.*

For other definitions, see Words and Phrases, vol, 6, pp. 5509-5513; vol. 8, p. 7761.]

2. FORCIBLE ENTRY AND DETAINER (§ 4*)—ACTS CONSTITUTING.

Where plaintiff was in actual possession of park lands under a lease, the acts of defendants in going on the premises and breaking down the door of one of plaintiff's buildings, tearing out the windows and sides of another building in which plaintiff and her children were living, and tearing off the roof, making it impossible for her to occupy the building, constituted a forcible entry within Code Civ. Proc. § 2233, providing that an entry shall not be made into real property, but in a case where entry is given by law, and in such a case only in a peaceable manner, not with a strong hand nor with multitude of people, and that a person, who makes forcible entry forbidden by this section may be removed.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 5-22; Dec. Dig. § 4.*]

3. FORCIBLE ENTRY AND DETAINER (§ 6*)—NATURE OF PROCEEDINGS.

Though originally proceedings under the statute for forcible entry and detainer were in their nature criminal, the violation of the statute is now basis for a civil action for damages under Code Civ. Proc. § 1669, authorizing a person disseised, ejected, or put out of real property in a forcible manner to recover treble damages in an action therefor against the wrongdoer.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 29-33; Dec. Dig. § 6.*]

4. FORCIBLE ENTRY AND DETAINER (§ 12*)—DEFENSES—RIGHT OF ENTRY.

Even if municipal authorities could terminate a lease for a term of years of park lands under which plaintiff held possession, the acts of defendants in forcibly ejecting plaintiff therefrom were not justified.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Dec Dig. § 12.*]

5. MUNICIPAL CORPORATIONS (§ 721*)—PARKS—LEASE—TERMINATION.

Municipal authorities could not terminate a lease of park lands for a term of years unless the determination so to do was in good faith and in furtherance of the public interests.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 721.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. FORCIBLE ENTRY AND DETAINER (§ 29*)—SUFFICIENCY OF EVIDENCE.

In an action of forcible entry and detainer for the ejection of plaintiff from park lands, held under a lease, evidence *held* to sustain findings that the acts of the defendant were not in good faith, but that they acted capriciously.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Dec. Dig. § 29.*]

Appeal from Trial Term, Kings County.

Action by Mary A. Nichols against John E. Eustis and another. From a judgment for plaintiff and orders denying a new trial, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH; JJ.

Tallmadge W. Foster, for appellants.

Frank E. Carstarphen (John A. McEveety, on the brief), for respondent.

BURR, J. [1] The instrument executed on December 2, 1901, was in form a lease for a period of five years from the 2d day of December, 1901, of land situated in Pelham Bay Park, in the borough of the Bronx. It granted to plaintiff the use of the park land upon which "stand the premises owned by her." In view of the evidence, which was not disputed, that at that time there were buildings upon the park lands which were her property, the word "premises," though somewhat inapt, may be construed as meaning buildings.

[2] The subject of the agreement was therefore land, and it is not disputed that plaintiff was in the actual possession thereof up to April 6, 1903. In this respect this case is distinguishable from Becher v. City of New York, 102 App. Div. 269, 92 N. Y. Supp. 460. It is true that there is no evidence that the park board authorized the execution of the instrument. Laws of 1897, c. 378, as amended Laws of 1901, c. 466, § 616. But when offered in evidence it was received without objection. Non constat but if objection had been made to its competency all the necessary prerequisites to its execution might have been proved. The evidence clearly establishes that on the 6th of April, 1903, the defendant Peters, with a gang of laborers acting under the direction of the defendant Eustis, went upon the premises, broke down the door of one of the buildings, tore out the windows, tore out the sides of another building in which plaintiff with her children was then living, tore off the roof, and made it impossible for her to occupy the same. We think that these acts constituted a forcible entry within the meaning of the statute. Code Civ. Proc. § 2233; 19 Cyc. 1112.

[3] Although originally proceedings under the statute for forcible entry and detainer were in their nature criminal, the violation of such statute is now sufficient basis for a civil action for damages. Code Civ. Proc. § 1669; Wood v. Phillips, 43 N. Y. 152, 157.

[4] The defendants contend that, although the agreement with plaintiff was for a definite term which had not expired, a contract of such a character "must be construed as made subject to what we term

---

the governmental or legislative power" of the authorities having control of the subject-matter thereof for the public use, and that in a proper case such agreement may be terminated in the interests of the public. N. Y. Mail & Newspaper Transportation Co. v. Shea, 30 App. Div. 266, 51 N. Y. Supp. 563; Gushee v. City of New York, 42 App. Div. 37, 58 N. Y. Supp. 967; Gredinger v. Higgins, 139 App. Div. 606, 124 N. Y. Supp. 22. But, if the acts of defendants constituted a forcible entry, it is a matter of no consequence that the term of occupation specified in such instrument had been lawfully terminated. Plaintiff was still in occupation of the premises, and defendants were not justified in forcibly ejecting her therefrom.

"The party so using force and acquiring possession may have the superior title or may have the better right to the present possession; but the policy of the law in this class of cases is to prevent disturbances of the public peace, to forbid any person righting himself in a case of that kind by his own hand and by violence." Iron M. & H. R. R. v. Johnson, 119 U. S. 608, 7 Sup. Ct. 339, 30 L. Ed. 504.

[5] Moreover, defendants could not terminate an agreement of this character unless the determination so to do was made in good faith and in furtherance of the public interests.

[6] Upon the trial of this action the jury found a general verdict for the plaintiff, and in addition thereto, without objection from any of the parties, found specially upon the following questions of fact stated in writing (Code Civ. Proc. § 1187), namely: (1) Did the defendants in doing the acts set forth in the complaint act in good faith? (2) Did the defendants in doing such acts act capriciously? (3) What is the damage which resulted to the plaintiff from the destruction and loss of buildings and personal property? The trial court further instructed the jury that the acts referred to consisted "in going upon the premises on the 6th day of April and causing these buildings to be destroyed, torn down." The jury answered the first question in the negative and the second in the affirmative, and fixed the damages at $4,000. By stipulation the question of the amount of damages is eliminated from the case. The evidence fully sustains the findings of the jury upon the remaining questions. But, even if plaintiff's right of possession had been lawfully terminated, defendants' method of regaining possession was clearly unlawful.

The judgment and order denying a motion for a new trial should be affirmed, with costs. All concur.