## Victor H. Dumbeck, Appellee, v. Mary Walsh, Appellant.

### Gen. No. 5,745.

1. APPEALS AND ERRORS—*when errors are waived.* Errors not argued on appeal are waived.

2. APPEALS AND ERRORS—*variance.* An alleged variance between the bill of particulars and the evidence is not reviewable where the bill of particulars is not contained in the bill of exceptions.

3. STATUTE OF FRAUDS—*promise to pay written order.* Where defendant orally accepts a written order to pay plaintiff, drawn on her by a firm to whom she is indebted, and promises orally to pay plaintiff the amount specified, such promise is not within the statute of frauds.

4. BILL AND NOTES—*acceptance of bill of exchange.* Under Sec. 131 of the Negotiable Instruments Law the acceptance of a bill of exchange must be in writing.

5. CONTRACTS—*promise to pay written order.* Where defendant orally accepts a written order to pay plaintiff which specifies it is to serve as a receipt drawn on her by contractors to whom she is indebted for building, and retains the order under an oral promise to pay until it is too late to enforce a mechanic's lien and refuses to return it, she is liable to plaintiff on her promise to pay.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

SHALLBERG & HARPER, for appellant.

H. M. McCASKRIN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant and her husband before a justice of the peace in Rock Island county and had a judgment, from which the defendants appealed to the circuit court, where during a jury trial, the suit was dismissed as to the husband and there was a verdict and a judgment for appellee against appellant for $40, from which defendant below appeals. One ruling on

the admission of evidence and one ruling on an instruction are questionable, but those rulings are not argued as incorrect in appellant's brief and are therefore waived.

Appellant contends that the case alleged in the bill of particulars and the case appellee sought to prove are entirely different, and that for such variance the judgment must be reversed. The bill of particulars is not contained in the bill of exceptions and therefore it will not be considered. Star Brewery v. Farnsworth, 172 Ill. 247, and cases there cited. The supposed variance is therefore not shown by the record.

Appellee introduced in evidence a written instrument, dated "10-12-1907" addressed to appellant, and signed by H. S. Cox and Son, the body of which is as follows:

"Please pay Victor Dumbeck forty dollars ($40.00) for paint used on your house and this shall be your receipt." Appellant contends, first, that she never accepted the order and therefore that she is not liable thereon. And, second, that if she accepted it, such acceptance was oral only and on that account she is not liable thereon because (1) it is a promise to pay the debt of another and is void under the Statute of Frauds because not in writing, and (2) it is a bill of exchange and to make her liable thereon the acceptance must have been in writing, under Section 131 of "The Negotiable Instruments Law."

Appellee was a druggist and sold paints. Appellant owned a lot and a dwelling house thereon and was building another house on the same lot. Cox & Son had the contract to build and paint the house. The house had been erected before this order was issued. Appellee had sold paint to Cox for this house, but he delivered it at the store and did not follow it and does not know that it went to this house, as Cox had other like contracts for other buildings owned by other people. Appellant's husband acted as her agent concern-

ing this property. Appellee introduced proof showing promises by both appellant and her husband to pay this order, and that they retained the order nearly five months, and that appellee asked them to give it back so that he might obtain another order on some other person and that appellant and her agent refused to surrender it to appellee and said they wished to hold it till they had settled with the contractor. Appellant denied that she ever promised to pay it. Her husband did not deny that, acting as his wife's agent, he promised to pay it, but denied that he kept it near so long as appellee claimed. Appellant admitted that when this order was presented, she was owing Cox & Son, but that she did not know how much she then owed them, but did not think it was $40. She testified that Cox told her the paint was on the premises but that she was unable to find it and that there was then no paint on the house or on the premises. Her husband testified that when the order was presented, the house was partly painted. There were other discrepancies in the testimony. There is therefore evidence that appellant and her husband as her agent each promised to pay the amount of this order to appellee at a time when she owed Cox & Son a sum of money, the amount of which she does not know, and that she and her husband held the order five months and refused to return it sooner and that before this suit was begun they had settled with the contractor without paying appellee the $40 as agreed.

This oral promise is not void under the Statute of Frauds, for the reason that when it was made appellant held a fund belonging to Cox & Son, the drawers of the order. That fact distinguishes this case from Chicago Heights Lumber Co. v. Miller, 219 Ill. 79, relied upon by appellant. If this order is a bill of exchange, its acceptance must be in writing, under the act above cited, to render appellant liable thereon. There is something more in this case than a mere pres-

entation of the order and a verbal acceptance. It was retained under a promise to pay until it was too late to enforce a Mechanic's Lien. When its return was demanded by appellee, that return was refused.

There were promises to pay the money upon a settlement with the contractor. Appellant had the funds and settled with the contractor. There was more than a bare acceptance of the order. There was an express promise to pay appellee $40 when appellant settled with Cox. The case stands as if appellee had filed a declaration containing one count on the order and its acceptance and another count which charged that appellant, being indebted to Cox & Son, promised to pay appellee $40 out of the money which she owed Cox and at the request of Cox, which $40 was to be paid upon the indebtedness of Cox to appellee. We are of opinion that on the latter ground, at least, recovery should be sustained.

The judgment is therefore affirmed.

*Affirmed.*