THE CITY OF BENTON, Appellee, *vs.* W. B. BLAKE *et al.* Appellants.

*Opinion filed June 18, 1913.*

1. SPECIAL ASSESSMENTS—*a finding that improvement complies with ordinance is final.* The order of the county court confirming the certificate of cost of a local improvement and finding that the improvement conforms substantially to the requirements of the ordinance for its construction is not subject to review on appeal or writ of error.

2. APPEALS AND ERRORS—*appellant must point out reason for assignment of error.* A statement in appellant's brief that various sums paid to certain persons in the construction of a local improvement were unlawfully paid and should be credited back to the assessment fund is nothing more than an assignment of error, and if no reasons are stated why such payments were unlawful the court will not search the abstract and record to find some ground upon which to sustain the assignment.

APPEAL from the County Court of Franklin county; the Hon. THOMAS J. LAYMAN, Judge, presiding.

W. F. DILLON, for appellants.

A. H. BAER, for appellee.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is an appeal from an order of the county court of Franklin county confirming and approving the certificate of cost of a local improvement in the city of Benton and finding that the improvement conforms substantially to the requirements of the original ordinance for its construction.

The principal complaint is that the improvement does not conform substantially to the requirements of the ordinance. On this question the order of the county court is final and cannot be reviewed by appeal or writ of error. Laws of 1893, sec. 84, p. 105; *City of Peoria* v. *Tichenor,* 251 Ill. 495.

One of the assignments of error is that the court erred in holding that the certificate of completion as to the cost of the improvement is true and correct. The only reference to this assignment in the appellants' brief is the following: "The various sums which have been paid out of the assessment fund to L. T. Putnam" and various other persons named, "amounting to $2415.40, and the extras paid to the Granite City Lime and Cement Company, amounting to $532.92, are unlawfully paid and should be credited back to the assessment fund." With no reasons given to support it, this statement amounts to no more than an assignment of error. If counsel does not have sufficient confidence in his position to point out wherein the court erred in this particular, he cannot expect us, unaided, to explore the abstract and the record to find some ground upon which to reverse the judgment.

These being the only matters complained of, the judgment of the county court is affirmed.

*Judgment affirmed.*