## MARY McSHERRY v. JOHN M. HEIMER.[1]

February 4, 1916.

Nos. 19,570—(214).

**Search warrant.**

1. A search warrant fair on its face protects the officer executing it, and those called by the officer to assist, even though the complaint upon which it issued is insufficient.

**Same — description of place sufficient.**

2. The place to be searched is particularly described so as to meet the constitutional requirement, when the description in the warrant furnishes data from which the officer is enabled to definitely locate the place. Under this rule the description in the warrant was sufficient.

**Same.**

3. The warrant authorized a search of plaintiff's dwelling, it being part of the premises named in the warrant.

Action in the district court for Ramsey county against John M. Heimer and Charles Kleitz to recover $500 for malicious and unlawful breaking into plaintiff's house and carrying away therefrom 20 bushels of potatoes. Defendant Heimer in his separate answer alleged that about 16 bushels of potatoes which he owned had been stolen from his premises and a part of them deposited in a cellar of plaintiff's homestead and another part in the yard near her house; that under a search warrant issued by the village justice of the peace defendant, at the request of the constable of the village, accompanied him to plaintiff's premises solely for the purpose of assisting the constable in identifying the potatoes; that thereafter by due process of law they were removed from the plaintiff's premises by the constable and held in his possession until the justice of the peace in due proceedings before him judicially determined that they were the sole property of defendant, and alleged that defendant's entry upon plaintiff's premises was made pursuant to the express consent and permission of plaintiff and her husband. Defendant Kleitz in his separate answer justified under a legal search warrant duly issued to him as village con-

[1] Reported in 156 N. W. 130.

stable, and that his entry upon the premises was made in his official capacity. The case was tried before Dickson, J. At the close of plaintiff's case she dismissed the action upon the merits as against defendant Kleitz. The case was submitted to a jury which returned a verdict for $100 against defendant Heimer. From the judgment entered on the verdict, defendant Heimer appealed. Reversed.

*Butler, Mitchell & Hoke* and *J. F. Cowern,* for appellant.

*C. D. & R. D. O'Brien,* for respondent.

HOLT, J.

It appears from the bill of exceptions that, if the search warrant under which defendants justified was valid and permitted the search of the dwelling house of plaintiff and her husband, then the judgment in favor of plaintiff cannot stand, the action being one for unlawful trespass in searching the house and premises of plaintiff. The search warrant was issued by a justice of the peace upon the sworn complaint of appellant, and was delivered to the defendant Kleitz, a constable, for service. At the request of the constable the appellant accompanied the officer to identify the property to be seized. During the trial plaintiff dismissed as to the officer.

Whether the complaint upon which the warrant issued was a good legal complaint we need not consider, for if the warrant was fair on its face the officer was protected in executing it, and also appellant, who assisted at the officer's request. Ingraham v. Booton, 117 Minn. 105, 134 N. W. 505, Ann. Cas. 1913D, 212.

Section 10, article 1, of our state Constitution, protecting against unreasonable searches and seizures, provides that "no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized." The fourth amendment to the Constitution of the United States is of the same import. The claimed invalidity of the warrant under which appellant justified is predicated upon the description given therein of the place to be searched, and the further contention that in no event should it be held to authorize a search of the dwelling occupied by plaintiff herein. The part of the warrant referred to recites that John Heimer had made complaint on oath that 20 bushels of his potatoes have been

stolen, and that he had good reason to believe and did believe that the same are concealed "on the premises of one John McCherry situated in the village of North St. Paul in said county in addition called Colby of said village." The warrant then commands the officer "forthwith to enter the premises of one John McCherry situated in the above described location" and make the search for the property. The proof showed that the dwelling owned and occupied by plaintiff and her husband, John McSherry, was located in a sparsely-settled district of the village of North St. Paul upon a five-acre tract, whereon in addition to the dwelling was a small barn, a few other small out-buildings and a potato pit; the legal description of the premises being block 25, Fifth addition to North St. Paul. This addition was commonly known and spoken of as Colby addition. Appellant at the trial asked leave to amend his answer by alleging that plaintiff and her husband, for a long time prior to this suit, were known and commonly spoken of in said village as Mary McCherry and John McCherry and that there were no other persons in said village or in the vicinity thereof whose names were either McSherry or McCherry. He also offered competent proof to that effect. Upon objection the request and offer were rejected, not in the exercise of any discretion, but for the reason that the search warrant was invalid, hence the amendment asked for and the tendered evidence were immaterial.

It is a sufficient designation of the place to be searched, if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty. This does not necessarily require the true legal description to be given in the form it appears on the records in the office of the register of deeds. The description may be one used in the locality and known to the people; and by inquiry the officer may be as clearly guided to the place intended as if the legal record description were used. The constitutional requirement is a description which particularly points to a definitely ascertainable place, and so as to exclude all others. It is immaterial who the owner is. If the name of a person is employed to designate or describe the place it serves more to identify the occupant thereof than the owner—it particularizes the place. For a person may own many places widely scattered, but, as a usual thing, occupies but one. Metcalf v. Weed, 66 N. H. 176, 19 Atl. 1091. It is generally stated that if the description in the search warrant be such that were

the same description used in a conveyance title would pass. Here the constable was directed to search the premises of John McCherry in the village of North St. Paul. Upon inquiry he finds but one John McSherry, also known as John McCherry, who with his family occupies a block of five acres in what is commonly known as Colby's addition in the outskirts of the village. Had the description in the warrant been used in a deed, no doubt the whole block with the buildings would have passed, even though the description were insufficient under the recording act to protect the grantee as against subsequent innocent purchasers.

Another contention is that the warrant does not authorize a search of the dwelling occupied by plaintiff and her husband. In State v. Markuson, 7 N. D. 155, 73 N. W. 82, and State v. McNulty, 7 N. D. 169, 73 N. W. 87, the premises to be searched were described as a certain lot of a certain block in Valley City, and the court held that this authorized the search of the building on the lot. In State v. Moore, 125 Iowa, 749, 101 N. W. 732, it is said: "A description which points out or identifies the place to be searched with such reasonable certainty as will obviate any mistake in locating it is all the constitution or statute requires;" and in State v. Drew, 38 Vt. 387, "the word 'place' must receive a reasonable interpretation, not so broad as to encourage a looseness of procedure, nor so narrow as to prevent the search of the entire premises occupied and used by a person."

The word "premises" means land and the buildings and structures thereon. Standard dictionaries so define it. See also 31 Cyc. 1163. A man's premises include his house. Covy v. State, 4 Port. (Ala.) 186; Rouse v. Catskill & New York Steamboat Co. 59 Hun, 80, 13 N. Y. Supp. 126; Nichols v. Eustis, 146 App. Div. 475, 131 N. Y. Supp. 265. In Kunkel v. Abell, 170 Ind. 305, 84 N. E. 503, the court defines "premises" thus: "As applied to the occupancy of real property it embraces any definite portion of land and the building and appurtenant structures situated thereon, over which the owner or occupant has the right to and does exercise authority and control." Inaccuracies in the warrant do not vitiate the same, provided the description is such that the officer can with reasonable effort locate the place. State v. Robinson, 49 Me. 285; State v. Minnehan, 83 Me. 310, 22 Atl. 177; Dwinnels v. Boynton, 85 Mass. 310. For cases bearing upon the sufficiency of the description in a warrant of

the place to be searched and to what extent the inaccuracies affect the validity of the warrant, see Rose v. State, 171 Ind. 662, 87 N. E. 103, 17 Ann. Cas. 232.

We are not willing to follow the rule of technical accuracy adopted in Tuell v. Wrink, (Ind.) 6 Blackf. 249, holding that a warrant commanding the constable to search the premises of B. P. Tuell did not authorize a search of those of Benjamin P. Tuell. The case of Humes v. Faber, 1 R. I. 464, cited by respondent does not conflict with what is herein decided. It was there held that a search warrant, commanding the officer to search the dwelling houses of Hiram Ide and Henry Ide, did not authorize the search of a dwelling house occupied by other people simply because owned by the Ides. The constitutional provision against unreasonable searches was designed to protect the one in occupation and control of premises against an unlawful disturbance or invasion. A search of lands and buildings does little, if any, harm to the property, or to the owner who has granted possession and control thereof to another.

The conclusion we have reached in respect to the validity of the warrant renders unnecessary a consideration of the proposition urged by appellant that since he was requested to attend the search by the constable, an officer of the law having authority to command the assistance of a citizen, he incurred no liability for the trespass even though the constable had no authority to make the search, citing Reed v. Rice, 25 Ky. 44, 19 Am. Dec. 122, and Firestone v. Rice, 71 Mich. 377, 38 N. W. 885, 15 Am. St. 266.

The judgment is reversed and a new trial directed.