(No. 14459.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH KOZEL *et al.* Plaintiffs in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*allegation of special property in the person robbed is sufficient.* In an indictment for robbery, an allegation that the money taken was in the care, custody and control of the person robbed and was taken from his person and against his will is sufficient, and when supported by proof will sustain a conviction regardless of a variance between the allegation and proof as to the corporate name of such person's employer. (*People* v. *Knox,* 302 Ill. 471, followed.)

2. SAME—*briefs should point out wherein refusal to give instructions constituted error.* The mere statement in the briefs that the trial court erred in refusing to give certain instructions amounts to no more than an assignment of error, and, even though the instructions refused are set out in the briefs, the alleged error is waived if no reasons are urged to show why the instructions should have been given, particularly where the matters contained in the refused instructions are covered by the instructions given.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

O'BRIEN, PRYSTALSKI & OWEN, (THOMAS E. SWANSON, of counsel,) for plaintiffs in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error were.indicted, tried and convicted of the crime of robbery while armed with a revolver and each was sentenced to confinement in the penitentiary. From that judgment this writ of error has been sued out to review the record.

The evidence shows that on April 15, 1921, at about 9:50 in the forenoon, four persons armed with revolvers entered the Cicero State Bank, located at Cicero, in Cook county, and ordered the officers and employees to go into the vault in the rear of the bank, together with three or four customers who were in the bank, which they all did. The men then took several thousand dollars from the vault safe and from the paying teller's cage. The police having been notified that the bank was being robbed immediately started for the scene. Three men were captured as they ran from the building and one was killed in the shooting at the bank. The evidence of the police officers and the officers and employees of the bank showed clearly that these three plaintiffs in error took part in this robbery. No serious question is made in the briefs that the proof as to the identity of each of the three was not sufficiently established.

The principal question urged in the briefs of plaintiffs in error is the alleged lack of legal proof that the bank in which the robbery took place is a corporation. Charles C. Stoffel, vice-president of the bank, testified that there are about thirty-nine stockholders, and that the Cicero State Bank is an Illinois corporation and has been doing business as a corporation since May, 1907. The exercise of corporate powers being thus shown, the accused cannot raise this question on this record. *Waller* v. *People,* 175 Ill. 221; *Graff* v. *People,* 208 id. 312.

Some question is made as to whether the name of the bank is the Cicero State Bank, as charged in the indictment, or "The Bank of Cicero." In the case of *People* v. *Knox,* 302 Ill. 471, after laying down the rule that it is not necessary in an indictment on a charge of robbery to allege or prove that the person from whom the property was taken was the actual owner, the opinion states: "The rule is satisfied by a showing of qualified or special property in the person assaulted in the thing taken in the robbery," citing many authorities in support of that conclusion. The indict-

303—8

ment in that case charged the money and property taken by force from one Dvorak was "then and there in the care, custody and control of said Dvorak." The indictment in the case here under consideration stated that the money that belonged to the bank was then and there in the care, custody and control of Charles C. Stoffel and that it was taken "from the person and against the will of said Charles C. Stoffel," and the allegations of this indictment were fully supported by the proof in the record. Under the reasoning and conclusion of this court in *People* v. *Knox, supra,* the objection of counsel for the plaintiffs in error as to the alleged variance in the record as to proof of the name of the bank must be held without merit.

Counsel for plaintiffs in error also argue in their briefs that error was committed by the trial court in refusing to give ten instructions offered on the trial in behalf of plaintiffs in error. While they set out the instructions in their briefs they do not point out why the refusal to give them was error. This court held in *People* v. *Hohimer,* 271 Ill. 515, that the mere statement in the briefs that the court erred in giving certain instructions amounted to no more than an assignment of error, and as no reasons were urged in support of the alleged error it was waived. If the counsel do not have sufficient confidence in their position to point out specifically wherein the alleged error exists, we will not explore the record and the authorities to find some ground on which to reverse the judgment. (*City of Benton* v. *Blake,* 259 Ill. 211.) Furthermore, taking the instructions as a series, it may be said that all the questions covered by instructions that were refused were covered by other instructions given by the court on the trial of the case.

We find no reversible error in the record, and the judgment of the criminal court of Cook county will therefore be affirmed.                    *Judgment affirmed.*