People's National Bank of Monmouth, Defendant in Error, v. Walter Fernald, Commissioner, Plaintiff in Error.

Gen. No. 7,984.

Opinion filed February 21, 1929.

EVERETT L. WERTS and HARTZELL, CAVANAGH & MARTIN, for plaintiff in error.

Louis H. Hanna and Charles E. Lauder, for defendant in error.

Mr. Presiding Justice Jones delivered the opinion of the court.

An action was instituted by People's National Bank of Monmouth against Walter Fernald, commissioner of highways of Gladstone township in Henderson county to recover on an alleged interest-bearing anticipation warrant for $1,000. The warrant was issued by a former commissioner of highways of that township in payment of 1,667 tons of crushed stone, alleged to have been sold to the township by the Monmouth Stone Company.

Plaintiff sued as assignee of the warrant. Defendant filed a plea of the general issue and three special pleas. The first special plea averred that the order sued on is directed to the treasurer of the town of Gladstone road and bridge fund, and that there is no such officer. The second special plea is not in issue here. The third special plea averred that subsequent to the date of said warrant the Monmouth Stone Company became a bankrupt; that thereafter a Federal marshal was placed in charge of the property of the bankrupt, including said stone, which he refused to permit defendant to take; that the stone was permitted to lie exposed to the weather, whereby it became worthless, and that therefore the consideration for the warrant had wholly failed. A demurrer was sustained to the first special plea. A replication was filed to the third special plea and a *similiter* to the general issue. Judgment was entered upon a verdict for $933.33 in favor of plaintiff.

The principal question in this case is whether or not the warrant in question is sufficient on which to base a right of action. The warrant reads as follows:

"Order No. —— Gladstone, Ill., March 3, 1924.
TREASURER, TOWN OF GLADSTONE
ROAD AND BRIDGE FUND                    $1,000.00
"Pay to the order of Monmouth Stone Company the sum of One Thousand Dollars, for 1667 tons crushed stone.
"Road———————— Bridge——————.
G. W. Sandy

Highway Commissioner.

Town Clerk
Approved March 3, 1924
C. R. A. Marshall
County Supt. of Highways
Henderson County, Ill."

"This warrant is issued in anticipation of the 1923 road and bridge levy of Gladstone Township when collected and bears interest at the rate of five per cent until paid.

Section 1 of the act in relation to warrants for public money, Cahill's St. ch. 146a, provides that warrants payable on demand shall be drawn and issued upon the treasurer of any county, township, etc., or against funds in his hands, only when at the time of the drawing and issuing of such warrants there shall be sufficient money in the appropriate fund in the treasury to pay the same. Section 2 provides that whenever there is not sufficient money in the treasury of any county, township, etc., to meet and defray the ordinary and necessary expenses thereof, it shall be lawful for the proper authorities thereof to provide a fund to meet said expenses by issuing and disposing of warrants drawn against and in anticipation of any taxes already levied by said authorities for the payment of such expenses, to the extent of 75 per cent of the total amount of any such tax levied. Provided, that such warrants shall show upon their face that they are pay-

able solely from said taxes when collected and not otherwise.

It is claimed by defendant that the warrant in question is payable on demand, and therefore void, unless there was sufficient money in the treasury to pay it at the time it was issued. As a general rule, instruments which express no time of maturity are payable on demand. The warrant states on its face that "This warrant is issued in anticipation of the 1923 road and bridge levy of Gladstone Township when collected and bears interest at the rate of five per cent until paid." The language clearly indicates that it was issued in anticipation of taxes levied for the road and bridge fund of 1923 when collected. Courts will take judicial notice of the time when taxes are collected. We are of the opinion that the warrant shows on its face that it is not a demand warrant, but an anticipation warrant. Demand warrants on public funds do not bear interest, and this one expressly provides for the payment of interest.

Defendant insists that the warrant should state upon its face that it is to be paid *solely* from the road and bridge fund when collected. A similar issue arose in *Gray v. Board of School Inspectors of Peoria*, 231 Ill. 63. In that case it is said: "These warrants say that they were issued in 'anticipation of taxes of 1905.'" The language implies that the treasurer of the school fund shall pay them from the taxes of 1905 and that, fairly construed, means the school fund only." It is to be noted that the warrants in that case did not state whether they were to be paid from the school fund or from the building fund, while in the case at bar, the warrant specifies that it is payable out of the road and bridge fund. In view of the *Gray* case, it must be held that the warrant shows on its face that it was an anticipation warrant payable solely out of the taxes then levied and to be collected for the road and bridge fund. It therefore sufficiently complies with the statute.

It is complained that plaintiff's second given instruction ignored the issues on the questions of the deterioration of the stone and of the defendant's being prevented from obtaining it. Both questions were fully presented to the jury by an instruction on behalf of defendant. Instructions are to be taken as a series, and the giving of the instruction complained of in connection with defendant's instruction was not error.

Defendant insists that the amount of damages fixed by the jury was inconsistent with the evidence and that if plaintiff was entitled to any verdict, it should have been for $1,000 and interest as provided in the warrant. The verdict was rendered for the exact sum which the record shows was paid for the warrant by plaintiff, and the bank is not here complaining of the amount awarded by the jury. Defendant cannot be heard to say that the damages assessed against him are too small. (*Heyman v. Heyman*, 210 Ill. 524; *Reid v. Houston*, 20 Ill. App. 48; *Hedenberg v. Graham*, 69 Ill. App. 142.)

Defendant contends that the trial court erred in permitting a witness to testify to the contents of plaintiff's books of account and to the method of entering credit to plaintiff. No reason is assigned why such testimony is said to be incompetent, and it is not pointed out where such testimony is to be found in the abstract or in the record. Courts of review will not consider alleged errors where a party merely calls attention to them, asserting they are errors. (*City of Benton v. Blake*, 259 Ill. 211; *Western Tube Co. v. Pederson*, 128 Ill. App. 637.) Not being argued, the alleged errors are waived. (*Dumbeck v. Walsh*, 179 Ill. App. 239.)

Finding no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*