The People of the State of Illinois, Defendant in Error, v. Theodore Kahn et al., Plaintiffs in Error.

Opinion filed February 12, 1930.

JESSE BLACK, JR. and JUNE C. SMITH, for plaintiffs in error.

WARD P. HOLT, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

It is insisted that the indictment is unintelligible. The indictment is based on Cahill's Illinois Statutes, ch. 38, ¶ 116 which provides: "If any two or more persons conspire or agree together, . . . or to commit any felony, they shall be deemed guilty of a conspiracy," etc. The words "wrongfully and wickedly" found in that portion of the statute omitted from the above quotation have no application to a conspiracy to commit felony. The indictment consists of two counts and there was a general verdict of guilty. If there is one good count it will support the verdict; *People v. Lloyd,* 304 Ill. 23.

For that reason we will only consider the second count of the indictment. That count is not framed on the theory that there was a conspiracy to burglarize the building of any particular individual or corporation. The charge made is that a large number of individuals and corporations were engaged in buying, storing and selling beef hides, calf hides and horse hides in Marion county, Illinois, and elsewhere in the

State; that, at and within the said county of Marion, Ross Henry and Frank Edwards and plaintiffs in error conspired and agreed together with the intent to feloniously and burglariously break and enter the buildings in which such hides might be found and to steal, take and carry them away and convert them to their own use; that in the execution of said agreement the said parties did feloniously and burglariously break and enter a certain building of Robert Merz and did steal, take and carry away 16 beef hides and three calf hides, all of the value of $178; that in furtherance of said conspiracy said Robert Henry and Frank Edwards burglarized a building of the Centralia Packing Company in Marion county, Illinois, and did steal and carry away therefrom 52 beef hides, 12 calf hides and one horse hide, all of the value of $451; that all of the hides aforesaid were received by plaintiffs in error who aided in concealing the same, etc.

While the second count contains much surplusage, yet the gist of it is as above stated. Surplusage does not vitiate. It is proper, in an indictment, to charge that a conspiracy was entered into against a designated class of persons or corporations; *Lowell v. People,* 229 Ill. 227; *People v. Quesse,* 310 Ill. 467; *People v. Walsh,* 322 Ill. 195–207.

It will be observed that the indictment does not charge that the parties entered into a conspiracy especially to burglarize the buildings of Robert Merz or the Centralia Packing Company. It may be that at the time of the formation of the conspiracy the conspirators did not have those buildings particularly in mind. If the indictment had averred that the conspiracy was to burglarize those particular buildings the proof would have to show that the parties had those buildings in mind at the time the conspiracy was entered into or the proof would fail to support the indictment; *Lowell v. People, supra.*

It is contended that the count is bad for duplicity; that it is fatal to allege in any one count a conspiracy to commit a number of different specific felonies against the property of different individuals or corporations. We do not think the count is subject to that criticism. It charges a conspiracy to commit burglaries against a designated class of individuals and corporations. An indictment alleging a conspiracy to burglarize more than one house is not bad for duplicity; 5 R. C. L. 1086.

Proof that one of the defendants had agreed to buy all the automobiles his codefendants and two other men could deliver to him, having been told by them that it was easy to steal automobiles if they had someone to receive them, is sufficient to show a conspiracy to steal automobiles, and the time and place of the thefts and the persons who committed them are not material matters; *People v. Bond,* 291 Ill. 74.

In an indictment for a conspiracy to commit a felony, it is necessary only to designate the felony by such description as will apprise the defendants of the exact charge upon which they will be tried, and it is not required that the felony be described with the same accuracy as is required in an indictment for the felony itself. It is not necessary that the language of the indictment be grammatically exact if the offense with which the defendants are charged is stated plainly enough to be readily understood by the jury and to enable the defendants to properly prepare their defense; *People v. Lloyd,* 304 Ill. 23.

The second count of the indictment clearly charges plaintiffs in error, Ross Henry and Frank Edwards with having entered into a conspiracy to commit burglary. The essence of the offense of conspiracy is the unlawful combination or agreement to accomplish the criminal or unlawful purpose, and the conspiracy is complete when the agreement to do the thing forbidden by law has been made; *People v. Lloyd, supra.*

It is insisted that the court erred in overruling a motion to quash the search warrant and to suppress the evidence obtained in the execution of the warrant. The property was described in the complaint as ''about twenty beef hides and about twelve calf hides and one horse hide.'' It is insisted that this description was wholly insufficient to warrant the issuance of the search warrant. A complaint for a search warrant which described the property as ''three cases of misses' and women's boots, . . . a lot of oak tanned soles, . . . and ten sides of sole leather,'' was held to be a sufficient description; *Dwinnels v. Boynton,* 85 Mass. 310. An indictment for larceny must describe the property stolen with reasonable accuracy. It seems to us that it is just as important in a charge of that kind, that the property should be accurately described, as in a complaint for a search warrant. It has been held by our Supreme Court that an indictment for larceny which described the property stolen as ''one cape, of the value'' etc., was sufficient, *Waller v. People,* 175 Ill. 221. An indictment charging the theft of a hide has been held to be sufficient without alleging the name of the animal from which it was taken; 36 C. J. 824.

Counsel do not offer any suggestion as to what would be a more appropriate description of the hides in question. In the very nature of the property any description thereof must necessarily be rather general. If technical accuracy is required where such property is involved it would simply mean that no search warrant could properly issue. We are satisfied that the description stated in the complaint is sufficient to meet the requirements of the law. There is some evidence tending to show that plaintiffs in error consented to the search and seizure of the hides, but we will not extend this opinion further.

Counsel concede that if the court properly overruled their motion to quash the indictment and their motion

to quash the search warrant and the evidence procured thereunder, that the verdict is supported by the evidence. No reversible error having been pointed out, the judgment is affirmed.

*Affirmed.*