HERMINE STOCK, Tenant, *v.* FREDAMIL REALTY CORPORATION, Landlord, and EMIL NUSSBAUM and ALOIS HOFFMAN, Officers of Landlord Corporation.

Municipal Court of New York, Borough of Bronx, Second District, December 9, 1941.

*Levine & Meckler [Sidney S. Levine* of counsel], for the tenant, petitioner.

*Julian Bernstein,* for the landlord and others, respondents.

LYMAN, J. The petitioner had leased two buildings from respondent landlord for one year for the period from October 1, 1940, to September 30, 1941. Petitioner did not live on the premises, but sublet them.

On October 1, 1941, the day after the termination of the lease, petitioner attempted to enter the premises and was prevented from doing so by respondent landlord who barred the entrance. There is some evidence that the landlord or its agent had entered the apartment of the janitor on the premises, which was then unoccupied, through a window, some time during the day of October first and that the janitor formerly employed by the landlord took possession of this apartment. I find that no force was employed against the person of the petitioner, nor were there any acts committed by the landlord which would tend to a breach of the peace.

The question before the court is whether a landlord can peacefully re-enter the premises while the tenant is still in possession but

after the termination of the lease, or whether his right is confined to the statutory remedy of summary proceeding.

It is well established that an aggrieved party cannot take the law into his own hands. The principle has been applied in landlord and tenant cases where the landlord used violence to retake premises because of the failure of the tenant to live up to the covenants of the lease. (*Nichols* v. *Eustis*, 146 App. Div. 475.) In some instances, however, one resorting to self help may be justified because of a specific legal or contractual right.

Under the common law a landlord had an absolute right to re-enter premises in the possession of the tenant, on the termination of a lease, even though in so doing it may have been necessary to break a lock on an unoccupied portion of the premises (*Hoske* v. *Gentzlinger*, 87 Hun, 3), providing that there was no resorting to violence (*Nichols* v. *Eustis, supra*), and no action would lie against one exercising such right of re-entry where such re-entry was both lawful and peaceable. (*Lowman* v. *Sprague*, 73 Hun, 408.) This common-law right of re-entry has not been abrogated by the statutory remedy of summary proceeding. (*Cohen* v. *Carpenter*, 128 App. Div. 862.)

It is indeed deplorable that the attorney for the petitioner thought it necessary to urge in this court that an officer of the landlord is a German refugee and that any finding in favor of the landlord would encourage emigrants to take the law in their own hands. Definitely no such danger exists in a democracy where principles of law and justice apply impartially to all.

Judgment for respondent landlord.