### PAUL B. POUGH & CO. v. CERIMEDO et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. BILL OF PARTICULARS—TIME FOR ORDER.

Code Civ. Proc. § 2942, providing that the court may, upon request of either party, made when issue is joined, require the adverse party to exhibit his account, or state the nature thereof, etc., applied to the Municipal Court only by virtue of Consolidation Act (Laws 1882, p. 349, c. 410) § 1347, which was expressly repealed by Municipal Court Act (Laws 1902, p. 1595, c. 580) § 364, so that the power of the Municipal Court to direct the service of bills of particulars is not now governed by Code Civ. Proc. § 2942, but by Municipal Court Act, § 145, p. 1534, which does not limit the time for making an order for a bill of particulars to the time of joining issue.

2. LEASED PREMISES—COMPLETION.

There is an implied obligation that leased premises shall be completed and ready for occupancy at the commencement of the term.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 441.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Paul B. Pough & Co. against Rudolph I. A. Cerimedo and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Donald F. Ayres, for appellants.
Hugo S. Mack, for respondents.

SCOTT, J.   Section 2942 of the Code of Civil Procedure applies primarily to Justices' Courts. Its application to the former District Courts of the City of New York and the present Municipal Court depended entirely upon the operation and effect of section 1347 of the consolidation act (chapter 410, p. 349, Laws 1882). This last section was expressly repealed by section 364 of the Municipal Court act (chapter 580, p. 1595, Laws 1902). It follows that the power of the Municipal Court to direct the service of bills of particulars is no longer governed by section 2942 of the Code, but by section 145, p. 1534, of the Municipal Court act, which, unlike section 2942 of the Code, does not limit the time for making an order for a bill of particulars to the time of joining issue. The time afforded by the justice was rather short, but no objection was made by defendants on that score.

The allegations of the answer do not correspond with the terms of the written lease. The plaintiffs did not agree to "give entire possession and control of the premises, fully completed, on the 15th day of October, 1903, if possible, but not later than the 2d of November." All that plaintiffs agreed to was to give possession of the premises on the dates specified, but the lease is entirely silent as to how far they should then be completed. The term demised by the lease was not to begin until January 15th, and the only obligation as to preparedness assumed by plaintiffs was the implied one that the premises should then be completed and ready for occupancy.

The appeal appears to be without merit, and the judgment must be affirmed, with costs. All concur.