(118 App. Div. 455)

## GARRISON v. HUTTON et al.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

1. APPEAL—FINDINGS—CONFLICTING EVIDENCE.

A finding based on conflicting evidence will not be reversed, unless there is a strong preponderance of proof against it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3983.]

2. LANDLORD AND TENANT — COVENANTS — QUIET ENJOYMENT — BREACH OF LESSOR.

Where a covenant for quiet enjoyment in a lease is broken by the lessor's refusal to permit the lessee to occupy the premises unless he would pay one-half of the expense of repairing certain plumbing, the lessee was entitled to sue for damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 473, 474.]

Appeal from Ulster County Court.

Action by Edwin Garrison against Lester Hutton and another. From an order of the Ulster County Court reversing a judgment of the City Court of Kingston in favor of plaintiff and directing a new trial, plaintiff appeals. Reversed. Judgment of City Court affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

N. Frank O'Reilly, for appellant.

Charles W. Walton, for respondents.

SEWELL, J. The unchallenged facts are that the defendants leased to the plaintiff the first and second floors of their building, for five months, from December 1. 1904, at a monthly rental of $70, payable in advance; that the first month's rent was paid; that the lease was under seal, and embraced in it was a covenant that the plaintiff "shall and may peaceably and quietly have. hold, and enjoy the said devised premises for the term aforesaid." It appears that it was understood and agreed that the keys would be left next door, with some Italians, and would be there when the plaintiff wanted them; that the plaintiff made repeated efforts to obtain the keys, but was unable to do so or gain possession of the premises.

It appears by the evidence of the plaintiff that on the 25th day of December one of the defendants said to him that the plumbing was frozen up and the expense would be $150, and that "we cannot afford to let you go in there unless you pay half of the expense of the plumbing," and that the defendants refused to let him in unless he paid one-half of the plumbing bill. The testimony of the plaintiff as to the efforts made to obtain possession was corroborated by the evidence of other witnesses, and we are unable to agree with the learned county judge in the statement that it was vague, unsatisfactory, and contradictory. There was a conflict of evidence upon this question, and as to whether the defendants refused to permit the plaintiff to occupy the premises, but we think the evidence was at least as strong and convincing in behalf of the plaintiff as of the contesting defendants. However that may be, there was not such a strong preponderance of

proof in favor of the defendants as to warrant a reversal as against the weight of evidence under the rule laid down in Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296.

It is true that a covenant for quiet enjoyment imports no warranty, express or implied, as respects the acts of strangers (Gardner v. Keteltas, 3 Hill, 330, 38 Am. Dec. 637); but it is well settled that, if the lessor himself denies the lessee's right, and refuses to permit him to occupy the premises, or if he is directly connected with the withholding of the property, the lessee may bring his action for the damages sustained (Trull v. Granger, 8 N. Y. 115).

The order of the County Court should be reversed, and the judgment of the City Court affirmed, with costs in this Court and in County Court. All concur.