(76 Misc. Rep 188.)

### KOPELMAN v. GRITMAN.

(Supreme Court, Appellate Term, Second Department.    March, 1912.)

LANDLORD AND TENANT (§ 34*)—POSSESSION—RIGHTS OF TENANT.

Where a landlord, in making repairs, prevents a tenant from entering into possession on the first day of the term, the tenant may rescind the lease and recover the consideration advanced.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Simon I. Kopelman against Arthur B Gritman Judgment for plaintiff, and defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Ira L. Rosensen, for appellant.

Elias Rosenthal, for respondent.

STAPLETON, J.   The plaintiff in this action seeks to recover the sum of $75 paid by him on the 22d day of November, 1910, as the first installment of rent under a lease made on that day between the defendant, as lessor, and the plaintiff, as lessee, for the term of one year, at the yearly rent of $900, payable in equal monthly payments of $75 on the 1st day of each and every month.

Upon the 1st day of December, 1910, the day fixed for the commencement of the term, the plaintiff, upon seeking to obtain possession of the premises, found that they were in occupation of the defendant, through persons employed by him, or contracting with him, engaged in making substantial repairs requiring the services of painters, carpenters, and other workmen, and that materials and implements of substantial bulk cumbered the premises.   There was evidence from which the trial court could properly make the finding that this condition of affairs continued to the 10th day of December, 1910.

Upon the premises demised was a dwelling house.   No agreement existed between the lessor and the lessee in relation to the making of the repairs.   The defendant agreed to let the premises to the plaintiff on the 1st day of December, 1910.   That agreement carried with it the obligation that the lessor would by no act of his prevent the lessee from entering upon and occupying the premises on the day fixed; and upon his failure to deliver possession—his conduct alone standing in the way—the plaintiff had a right to rescind the contract and to recover from the defendant the consideration advanced.   Mansfield v. New York Central & H. R. R. Co., 102 N. Y. 205, 211, 6 N. E. 386; McGaunten v. Wilbur, 1 Cow. 257; Trull v. Granger, 8 N. Y. 115, 117; Wood v. Hubbell, 10 N. Y. 479, 487; Harris v. Greenberger, 50 App. Div. 439, 440, 64 N. Y. Supp. 136; Pough & Co. v. Cerimedo, 44 Misc. Rep. 246, 88 N. Y. Supp. 1054; Meyers v. Liebeskind, 46 Misc. Rep. 272, 91 N. Y. Supp. 725; Bailey v. Krupp, 59 Misc. Rep. 459, 110 N. Y. Supp. 994; Garrison v. Hutton, 118 App. Div. 455, 456, 103 N. Y. Supp. 265.

Judgment affirmed, with costs.

GARRETSON and KAPPER, JJ., concur.