PAUL HANDLER, PLAINTIFF-RESPONDENT, v. NEWMAN &
LOWY BEEF COMPANY, A CORPORATION, DEFENDANT-
APPELLANT.

Argued October 5, 1926—Decided February 14, 1927.

**Landlord and Tenant—Lease of Property Not Yet Finished—
One Side Claims it was Ready For Occupancy on the Day
Fixed, the Other, That it was Not—Each Submitted Evidence
to Sustain Their Respective Claims—Court Ruled That the
Landlord had Substantially Complied—Held, Error—There
was Evidence Which Made it a Question of Fact for the
Jury.**

On appeal from a judgment of the Second District Court
of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Israel B. Greene.*

For the respondent, *Henry P. Handler.*

PER CURIAM.

This is a defendant's appeal from a judgment of the Second
District Court of the city of Newark. The action was in-
stituted to recover rent alleged to be due on a lease. The
lease was made July 3d, 1925, by the Chancellor Development
Company to Newman & Lowy Beef Company, Incorporated.
The premises leased were a store on Union avenue, in Velle-
ville, New Jersey, in a building not erected at the time the
lease was made. The lease was for a term of two years, with
the privilege of renewal for three additional years. The rental
was fixed at $1,200 per year, payable in equal monthly pay-
ments. The lease was to commence December 1st, 1925. One
hundred dollars was paid by the lessee as rent for the first
month. There was an oral agreement that no rent was to
be collected for the months of January and February, 1926.

When December 1st, 1925, arrived the building was not completed according to the testimony of the defendant. It had no electric fixtures installed. There is evidence that a few days before painters and other workmen were at work in the store. On December 3d, 1925, the lessee took the position that it was entitled to rescind the lease because the premises were not ready for occupancy. The present action was to recover the rent for the month of March, 1926. The plaintiff was the assignee of the reversion and acquired the rights of the Chancellor Development Company. The plaintiff claimed the store was ready for occupancy and submitted evidence to this effect. The defendant claimed that it was not ready for occupancy and submitted its evidence to this effect. The defendant also filed a counter-claim for the recovery of the $100 which it had paid for December, 1925. The case was tried before a jury.

At the conclusion of the testimony the court ruled that there was a substantial performance by the landlord although the store was not ready for occupancy on December 3d, 1925, and directed the jury to return a verdict for the plaintiff for $100 for the month of March, 1926, rent, and directed that a verdict for the plaintiff be rendered on the counter-claim.

We think this was error as the trial judge should have left it to the jury to determine as a question of fact whether the premises were ready for occupancy on December 1st, 1925. A verdict should not be directed where there is a fair conflict of testimony on a fundamental issue. *Carton* v. *Trenton and Mercer County Traction Corp.,* 90 *N. J. L.* 311. Where a lease is made for premises under construction there is an implied obligation that the premises will be ready for occupancy on the day fixed for the commencement of the lease. If the premises are not ready for occupancy, the tenant has a right to rescind. *Gibbons* v. *Hoefield,* 299 *Ill.* 455; *Kopelman* v. *Gritman* (*App. Div.*), 136 *N. Y. Supp.* 296.

The judgment is reversed and the case remitted to the District Court for a new trial. Costs will abide the event of the suit.