**20 St Marks, LLC v St. Marks NY LLC**

2024 NY Slip Op 32342(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 651521/2019

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. DEBRA A. JAMES</u>          PART   59

                                                   *Justice*

-------------------------------------------------------------------------X

20 ST MARKS, LLC,

                                  Plaintiff,

          - v -

ST. MARKS NY LLC, and ST MARKS B H LLC,

                                  Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | <u>651521/2019</u> |
| MOTION DATE | <u>03/22/2024 (oral argument transcript secured)</u> |
| MOTION SEQ. NO. | <u>002</u> |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98

were read on this motion to/for          <u>SUMMARY JUDGMENT (AFTER JOINDER)</u>.

<u>ORDER</u>

Upon the foregoing documents, it is

ORDERED that the motion of the plaintiff 20 St Marks, LLC, seeking summary judgment on its complaint for breach of contract[1] and dismissal of the counterclaim of the defendants St Marks NY LLC, and St Marks B H LLC is granted; and it is further

ORDERED that the counterclaim interposed for breach of contract interposed in defendants' answer is dismissed; and it is further

ORDERED that that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants in the amount

---

[1] By Order dated July 8, 2020 (NYSCEF Document Number 39), plaintiff's cause of action for unjust enrichment was dismissed.

of $ 154,000, together with interest at the statutory rate from the date of March 30, 2019 until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that that portion of the plaintiff's action that seeks the recovery of attorney's fees is severed and the issue of the amount of reasonable attorney's fees that plaintiff may recover against the defendants St. Marks NYC LLC and St Marks BH LLC is referred to a Special Referee to hear and determine pursuant to CPLR § 4317(b); and it is further

ORDERED that counsel for the plaintiff shall, within thirty (30) days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet, upon the Special Referee Clerk in the General Clerk's Office, who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

**651521/2019   20 ST MARKS, LLC vs. ST. MARKS NY LLC**
**Motion No.  002**

**Page 2 of 7**

2 of 7

[* 2]

ORDERED that the Clerk shall enter judgment in the amount of the reasonable attorneys' fees in favor of plaintiff and against defendants as set forth in determination of the Special Referee pursuant to CPLR § 4319, with no further application to the court.

## DECISION

The Lease dated December 26, 2017, between plaintiff, as tenant and defendants, as landlord .(NYSCEF Document Number 002) states, in pertinent part:

"1.03 Commencement Date.

(a) **'Commencement Date'** means that date Tenant obtains liquor license approval;

(b) If for any reason Landlord shall be unable to deliver possession of the Premises to tenant on any date specified in this Lease for such delivery, Landlord shall have no liability to Tenant therefore and the validity of this Lease shall not be impaired, provided however, to the extent the Premises is delivered after the date provided for herein, the Term of the lease shall be similarly extended day for day. Notwithstanding the foregoing, if for any reason, Landlord is unable to give possession to Tenant by May 1, 2018, Tenant may, at Tenant's sole option, elect to terminate this Lease upon which, Landlord shall promptly refund any pre-paid rent together with Tenant's Security Deposit.

4.05. Repairs.

(a) As part of the Fixed Rent, Landlord, at its expense, shall perform all structural maintenance, repairs and replacements to the common areas of the Building, and the Building's exterior (only to the extent that same are structural) and the Building's core areas (such as, without limitation, the Building's elevator, if any, elevator shafts, if any and the Building's foundation".
* * *

**651521/2019  20 ST MARKS, LLC vs. ST. MARKS NY LLC**                              **Page 3 of 7**
**Motion No.  002**

3 of 7

[* 3]

(b)* * * Except as may be the obligation of the Landlord to make structure repairs to the Leased Premises, Tenant, at its sole cost and expense, shall keep, repair and maintain the entire interior and exterior of the Premises, and Tenant shall make all repairs and replacements to the interior and exterior of the Premises (including but not limited to heating and ventilation, air conditioning, plumbing, electrical and the like) as may be necessary to keep the same in good order and condition and to comply with all laws and requirements of utilities. Such repairs shall be done in a good and workmanlike manner with materials at least equal in quality (but no used materials) to the original construction materials and, in the case of structural repairs, subject to Owner's prior written approval of the materials, methods and contractors to be used or engaged.

### 6.09  No Waiver

Failure by either party to declare any default immediately upon its occurrence or delay in taking any action in connection with such default shall not waive such default but such party shall have the right to declare any such default at any time thereafter."

Plaintiff seeks the refund of pre-paid rent together with its Security Deposit, in the total amount of $154,000, contending that under 1.03(b) of the Lease, Landlord was unable to deliver possession by May 1, 2018, and that therefore, plaintiff had the right to terminate the Lease.

In Trull v Granger and Dillave, 4 Seld 115 (1853), the Court of Appeals held that:

"A contract dated at a future date, leasing lands for a term commencing at such day, gives to the lessee, when the day arrives, the right of possession".

In the case at bar, it is undisputed that under its terms, the lease commenced on March 21, 2018, the dated that the liquor

**651521/2019   20 ST MARKS, LLC vs. ST. MARKS NY LLC**
**Motion No.  002**

**Page 4 of 7**

4 of 7

[* 4]

license was issued to plaintiff. The fact that defendant may have given a key to the Premises to plaintiff before the lease commenced is of no moment, because under the precedent of Trull, plaintiff had no right to possession before the lease commenced. Defendant's principal, at his deposition, stated that providing such key to a tenant before commencement of the lease was typical (NYSCEF Doc No 71, 56:25-57:6). Such admission is consistent with plaintiff's contention that such key was provided, as a courtesy only. As stated above, delivery of possession, as a matter of law, could not have been accomplished prior to commencement of the Lease.

Therefore, the controlling question is whether defendant delivered possession of the Premises to plaintiff at any time on or after March 21, 2018 through and including May 1, 2018. If defendant did not deliver the Premises to plaintiff during that period, then the notice of termination dated February 20, 2019 that plaintiff sent defendant, was effective in terminating the Lease and defendant is obligated to refund any pre-paid rent together with Tenant's Security Deposit to plaintiff pursuant to ¶ 1.03 of the Lease.

As stated in Layton v A.I. Namm & Sons, 275 AD 246 (1st Dept 1949)(emphasis added),

> "a tenancy involves an interest in real estate which passes to the tenant, and possession **exclusive even of that of the landlord,** except as the lease permits the

**651521/2019 20 ST MARKS, LLC vs. ST. MARKS NY LLC**
**Motion No. 002**

**Page 5 of 7**

5 of 7

[* 5]

landlord's entry, and saving always his right to enter to demand rent or to make repairs."

In his affidavit dated July 23, 2019, defendant's property manager stated that "On or about July 5, 2018, our contractor and engineer submitted our application papers to DOB for a permit to begin the joist work", which DOB thereafter approved, and that its contractor and engineer prosecuted such work, which on January 17, 2019, its engineer and contractor certified to DOB was 90% completed (NYSCEF Doc No 78, ¶¶ 25-28). Reviewing such affidavit and the entire record, comprised of permits and New York City Building Department records show that defendant applied for and obtained the permits, as opposed to pre-approving permit applications submitted to by plaintiff. Thus it is undisputed that the plaintiff did not occupy the Premises to the exclusion of defendant landlord, as defendant landlord maintained possession, while it prosecuted the structural repairs to the rotted interior floor beams. Under 4.05 of the Lease, had defendant delivered possession of the Premises to plaintiff, defendant would have had no right or obligation to perform structural work to the interior wooden floor joists, which, as a matter of law, are neither part of the Building's common areas, nor the Building's exterior, nor part of the Building's interior core or foundation.[2] In endeavoring to

---

[2] **1.04** of the Lease, provides, in pertinent part:

**651521/2019  20 ST MARKS, LLC vs. ST. MARKS NY LLC**
**Motion No.  002**

Page 6 of 7

[* 6]

prosecute such work, defendant failed to deliver plaintiff exclusive possession of the Premises on or before May 1, 2018. See Kopelman v Gritman, 76 Misc 188, 189 (Appellate Term, Second Department, 1912).

20240709124445DJAMESB002040B307A45AAB68720539BD3BA7D

| **7/9/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DEBRA A. JAMES, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☒ REFERENCE |

---

"**Use.** The Premises shall be used and occupied by Tenant (and its permitted subtenants and assignees) solely as a first class eating and drinking establishment".

"**4.01** of the Lease states:

"**Initial Improvements.**

(a)     Unless otherwise expressly set forth in this Lease Tenant acknowledges that it had ample opportunity to inspect the Premises and as such, is familiar with the condition thereof and is taking said Premises in its "as is, with all faults" condition.  Tenant acknowledges that Landlord shall have no obligation whatsoever to make any repairs, improvements, or renovations to the Lease Premises prior to the Commencement Date of the lease, any obligation to perform same being Tenant's.

(b)     Except as expressly set forth herein, Landlord has not made, and Tenant has not relied on, any representations or warranties in connection with the making of the Lease.  Tenant had made whatever inspections or inquiries prior to the execution of this Lease.  Tenant accepts the Premises on the date hereof in their "AS IS, WHERE IS" condition with any and all faults existing on the date hereof."

The court finds 1.04 and 4.01 of the Lease contradictory and in conflict.  Nonetheless, in light of its determination that defendant had not delivered possession to plaintiff, as of May 1, 2018, the court need not consider such provisions, or any question of constructive eviction by the defendant of plaintiff thereunder.

**651521/2019   20 ST MARKS, LLC vs. ST. MARKS NY LLC**                    **Page 7 of 7**
**Motion No.  002**

7 of 7

[* 7]